JAMES J. YUKEVICH (SBN 159896)
  jyukevich@yukelaw.com
PAUL C. WHITE II (SBN 213900)
  pwhite@yukelaw.com
PATRICIA E. BALL (SBN 229333)
  pball@yukelaw.com
JACQUELYN J. SUGAPONG (SBN 257117)
  jsugapong@yukelaw.com
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 362-7777
Facsimile:   (213) 362-7788

Attorneys for Defendant
FORD MOTOR COMPANY

FILED
CLERK, U.S. DISTRICT COURT

FEB - 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

FREDDIE BEAUCHAMP, JR.,

        Plaintiff,

  vs.

AMERICAN HONDA MOTOR
COMPANY, INC.; AUTOZONE
WEST, INC. ;(sued individually and as
successor-in-interest to CHIEF AUTO
PARTS); ASBESTOS BORG
WARNER CORPORATION by its
successor-in-interest BORG-WARNER
MORSE TEC, INC.; CATERPILLAR,
INC.; CNH AMERICA LLC (sued as
successor-by-merger to CASE
CORPORATION); CRA TRAILERS,
INC. f/k/a GREAT DANE TRAILERS,
INC.; CSK AUTO, INC. (sued
individually and as successor-in-interest
to KRAGEN AUTO SUPPLY CO.);
DAIMLER TRUCKS NORTH
AMERICA LLC d/b/a WESTERN
STAR TRUCKS (sued individually and
as successor-in-interest to
FREIGHTLINER LLC); DANA
COMPANIES LLC f/k/a SPICER
MANUFACTURING COMPANY

CASE NO. CV14-0827 MRP-MRWx

(LASC No. JCCP 4674/BC514293)

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C.
SECTION 1441(b) (DIVERSITY);
DECLARATION OF PAUL C.
WHITE II; DECLARATION OF
JAMES J. YUKEVICH**

JURY TRIAL DEMANDED

1229912.1 / 105-216

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  (sued individually and as successor-in-interest to VICTOR GASKET
2  MANUFACTURING COMPANY); DEERE & COMPANY d/b/a JOHN
3  DEERE; EATON CORPORATION; FEDERAL-MOGUL ASBESTOS
4  PERSONAL INJURY TRUST (sued as successor to FELT-PRODUCTS
5  MANUFACTURING CO.); FORD MOTOR COMPANY; GENUINE
6  PARTS COMPANY d/b/a NATIONAL AUTOMOTIVE PARTS
7  ASSOCIATION (aka NAPA); HENNESSY INDUSTRIES, INC.;
8  HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED-SIGNAL, INC.
9  (sued individually and as successor-in-interest to BENDIX CORPORATION);
10  HYUNDAI MOTOR AMERICA; INGERSOLL RAND COMPANY;
11  KELSEY-HAYES COMPANY; MACK TRUCKS, INC.; MAREMONT
12  CORPORATION (sued individually and as successor-in-interest to
13  GRIZZLY MANUFACTURING COMPANY); MAZDA MOTOR OF
14  AMERICA, INC.; McCORD GASKET CORPORATION; MEADWESTVACO
15  CORPORATION (f/k/a WESTVACO); MERITOR, INC. formerly named
16  ARVINMERITOR, INC. successor-by-merger to MERITOR AUTOMOTIVE
17  (sued individually and as successor-in-interest to ROCKWELL
18  INTERNATIONAL CORPORATION); METROPOLITAN LIFE INSURANCE
19  COMPANY; NAVISTAR, INC. f/k/a INTERNATIONAL TRUCK AND
20  ENGINE COMPANY; NISSAN NORTH AMERICA, INC.; O'REILLY
21  AUTOMOTIVE STORES, INC. (sued individually and as successor to CSK
22  AUTO, INC.); PACCAR, INC. d/b/a KENWORTH TRUCK COMPANY
23  and PETERBILT TRUCK COMPANY; PARKER-HANNIFIN
24  CORPORATION (sued as successor to EIS AUTOMOTIVE
25  CORPORATION); THE PEP BOYS - MANNY MOE & JACK OF
26  CALIFORNIA; PERFECTION HY-TEST COMPANY, INC. d/b/a
27  PERFECTION CLUTCH COMPANY (sued individually and as successor-in-
28  interest to ZOOM PERFORMANCE

PRODUCTS); PINES TRAILER
CORPORATION; PNEUMO ABEX
LLC (sued as successor-in-interest to
ABEX CORPORATION);
ROCKWELL AUTOMATION, INC.
f/k/a ROCKWELL INTERNATIONAL
CORP.; SCHAEFFLER GROUP USA,
INC. d/b/a LUK AUTOMOTIVE
SYSTEMS; SUBARU OF AMERICA,
INC.; TOYOTA MOTOR SALES,
U.S.A., INC.; TRAIL KING
INDUSTRIES, INC.; UTILITY
TRAILER MANUFACTURING
COMPANY; UNION CARBIDE
CORPORATION; and DOES 1-450
INCLUSIVE,

             Defendants.

## NOTICE OF REMOVAL

    Defendant Ford Motor Company ("Ford"), through undersigned counsel,
hereby removes the state-court action entitled *Freddie Beauchamp, Jr. v. American
Honda Motor Company, Inc., et al.*, Civil Action No. BC472274, filed in the
Superior Court of California, County of Los Angeles.  Removal is warranted under
28 U.S.C. § 1441(b) because this is a diversity action over which this Court has
original jurisdiction under 28 U.S.C. § 1332.

    In support of removal, Ford states as follows:

    1.    On or about July 8, 2013, Plaintiff commenced this action against
various defendants, including Ford and Dana Companies LLC ("Dana") , by filing a
complaint in the Superior Court of Los Angeles County, in the State of California,
bearing case number JCCP 4674/BC514293.

    2.    In this action, Plaintiff alleges that he suffers from an illness –
mesothelioma – due to his alleged exposure to asbestos-containing products
manufactured, sold, or distributed by various defendants, including remaining

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  defendants Ford and Dana.[1]

2      3.    Plaintiff's Complaint was not removable on any grounds, including

3  diversity, until January 31, 2014.   Plaintiff in his Complaint requested general

4  damages; loss of income, wages and earning potential; medical and related

5  expenses; and punitive damages.[2]  As the Court is aware from numerous asbestos-

6  related personal injury claims either removed to or filed directly with this Court,

7  such amounts in controversy are typically far in excess of this Court's jurisdictional

8  limits.

9      4.    Pursuant to 28 U.S.C. Section 1332(b)(2), "A civil action otherwise

10  removable solely on the basis of the jurisdiction under section 1332 (a) of this title

11  may not be removed if any of the parties in interest properly joined and served as

12  defendants is a citizen of the State in which such action is brought."  Here,

13  defendant Toyota Motor Sales USA, Inc. ("Toyota") is incorporated in the State of

14  California, and thus, this action was not removable until Toyota was dismissed from

15  the case.  As discussed more fully below, Toyota has been voluntarily dismissed

16  from this action by Plaintiff on January 31, 2014, thus rendering this action

17  removable.

18      5.    On January 28, 2014, counsel for Ford, James Yukevich, engaged in a

19  discussion with Stuart Purdy, counsel for Plaintiff.  Mr. Purdy asked if Mr.

20  Yukevich would stipulate to not removing the case to Federal court so that

21  defendant Toyota Motor Sales USA, Inc., still a party, could settle with Plaintiff and

22  then be voluntarily dismissed for the action.  Mr. Yukevich responded that he would

23  discuss the request with his client Ford Motor Company.  On January 30, 2014,

24

25

26  [1] *See* Plaintiff's Complaint,  ¶¶ 6-7, attached as Exhibit "A" to the Declaration of
Paul C. White II ("White Declaration").

27  [2] Complaint, ¶ 40.

28

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  prior to Plaintiff's opening, Mr. Yukevich advised Mr. Purdy that Ford could not

2  stipulate to forgoing its rights of removal of the action.[3]

3      6.    On January 30, 2014, this case was called for jury selection and trial

4  against the remaining defendants, Ford, Dana and Toyota.[4]  After the jury was

5  selected, the trial court called upon counsel Rob Green to give Plaintiff's opening

6  statement.  Mr. Green's opening statement abandoned and discontinued Plaintiff's

7  claims against Toyota.  Indeed, no mention was made ***at all*** of Plaintiff's claims

8  against ***Toyota.***

9      7.    At the conclusion of Plaintiff's opening statement, defendant Toyota

10  moved for a non-suit, pursuant to California Code of Civil Procedure Section

11  581c(a).[5]  Plaintiff's voluntary decision not to lay out Plaintiff's case against Toyota

12  in opening statement effectively abandoned and discontinued Plaintiff's claims

13  against Toyota.  Upon considering Toyota's request, the trial court gave Plaintiff an

14  opportunity to reopen and address Plaintiff's claims against Toyota, which offer

15  Plaintiff counsel Mr. Green declined, stating that while Plaintiff formally opposed

16  the motion for nonsuit, ***he would not reopen or enlarge Plaintiff's opening***

17  ***statement to make a prima facie case against Toyota.***[6]

18      8.    The following morning, the trial court – before either Ford or Dana

19  gave their respective opening statements, and after Toyota's counsel and Plaintiff

20  counsel further elucidated their respective "positions" on the non-suit – granted

21

22

---

23  [3] *See* Declaration of James Yukevich, herewith this Notice of Removal.

24  [4] Claims against all other Defendants had been dismissed as a result of settlements.

25  [5] *See also Wrightson v. Dougherty*, 5 C.2d 257, 265, 54 P.2d 13 (1936); *Larsson v.*

26  *Cedars of Lebanon Hosp.*, 97 C.A.2d 704, 707, 218 P.2d 604 (1950).

27  [6] The relevant exchange between the trial court and Mr. green is attached as Exhibit
"E" to the White Declaration.

28

YUKEVICH CALFO & CAVANAUGH

355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1    Toyota's request for a non-suit, dismissing Toyota from the state court action.[7]   The

2    trial court was immediately advised by Mr. Yukevich that Ford and Dana would

3    seek to remove the action to Federal court.   Mr. Green was asked by the trial court

4    whether Plaintiff and Toyota "have any kind of understanding with Toyota"

5    regarding Plaintiff's opening statement; ***Mr. Green refused to answer the trial***

6    ***court***.[8]

7         9.     The two remaining defendants, Ford and Dana, hereby give notice of

8    the removal of this action to federal court based upon diversity jurisdiction.[9] As set

9    forth more fully below, this case is properly removed pursuant to 28 U.S.C. § 1441

10   because the Court has subject-matter jurisdiction over it, pursuant to 28 U.S.C. §

11   1332, and Ford has satisfied the procedural requirements for removal.

12        10.    The deadline for removal pursuant to 28 U.S.C. § 1446(b) is March 3,

13   2014.  This notice was filed and served before March 3, 2014; therefore, it is timely.

14   Pursuant to 28 U.S.C. § 1446(b), this removal is also made within one year of the

15   filing date of July 8, 2013.

16        11.    Ford is, and at all times was, a corporation incorporated under the laws

17   of the State of Delaware, having its principal place of business in the State of

18   Michigan.

19        12.    Dana is, and at all times was, a corporation incorporated under the laws

20   of the State of Virginia, having its principal place of business in the State of Ohio.

21        13.    According    to   Plaintiff's   discovery   responses[10]   and   deposition

22

23   _____

     [7] The relevant exchange regarding the non-suit among the trial court, Toyota
24   counsel Edward Hugo, and Plaintiff counsel Rob Green is attached as Exhibit "E" to
     the White Declaration.
25
     [8] *See* Exhibit "E."
26
     [9]  Toyota previously refused to join or consent to removal.
27
     [10] *See* Plaintiff's Responses to General Order Standard Interrogatories, attached as
28   (footnote continued)

1  testimony,[11] Plaintiff is and was a citizen of the State of Texas when this action was

2  commenced, and at the time of removal.

3      14.    As discussed, *supra*, defendant Toyota was effectively voluntarily

4  dismissed from this action, and thus its citizenship is moot in regards to diversity.

5      15.    Accordingly, Plaintiff and defendants Ford and Dana are citizens of

6  different states with more than $75,000 in controversy, and are subject to diversity

7  jurisdiction.   As evidence of the amount in controversy meeting the jurisdictional

8  requirements, attached hereto is Plaintiff's CCP Sec. 998 Offer to Compromise in

9  the amount of $275,000.[12]

10      16.    Written notice of the filing of this Notice of Removal will be given to

11  Plaintiff and the State Court, as required by law.

12      17.    A copy of all process and the Complaint served upon Ford in the

13  *Beauchamp* action are attached hereto as Exhibit "A" to the Declaration of Paul C.

14  White II.

15      18.    A copy of all Plaintiff's discovery responses that provide the basis for

16  removal in this action are attached hereto as Exhibits "B" – "D" to the White

17  Declaration.

18  ///

19  ///

20  ///

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Exhibit "B" to the White Declaration.

[11] *See* Plaintiff's Deposition, Volume II, October 17, 2013, p. 389 – 390, attached as Exhibit "C" to the White Declaration.

[12] Plaintiff's Sec. 998 offer is attached as Exhibit D to the White Declaration.

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1        19.    No previous application has been made for the relief requested herein.

2

3        WHEREFORE, Defendant FORD MOTOR COMPANY respectfully

4    removes this case from the Superior Court of California, County of Los Angeles, to

5    the above-entitled Court.[13]

6

7    DATED: February 3, 2014       YUKEVICH | CAVANAUGH

8

9

10       By: _____

11           James J. Yukevich

        Paul C. White II

12           Patricia E. Ball

        Jacquelyn J. Sugapong

13           Attorneys for Defendant

        FORD MOTOR COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [13] Defendant Dana's consent to the removal is attached hereto.

28

1

## CONSENT TO REMOVAL

2          Defendant Dana Companies, LLC hereby consents to removal of this state

3   court action to the above-entitled Court.

4

5   DATED:  February 3, 2014          THE RASMUSSEN LAW FIRM, L.L.P.

6

7                                     By:  _K. L. Rasmussen_____

8                                          Kurt L. Rasmussen

9                                          Shawtina L. Ferguson
                                           Attorneys for Defendant
10                                         DANA COMPANIES, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1229912.1 / 105-216

9

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# DECLARATION OF PAUL C. WHITE II

I, Paul C. White, declare:

1.      I am an attorney at law duly licensed to practice before all courts of the State of California and an associate with the law firm of Yukevich | Cavanaugh, attorneys of record for FORD MOTOR COMPANY ("Ford"), party to this action, and have personal knowledge of each and all the facts stated in this declaration.

2.      If called as a witness, I could and would competently testify to the facts contained herein.

3.      Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff's Complaint for Personal Injury- Asbestos, served on Filed on July 8, 2013.

4.      Attached collectively hereto as **Exhibit "B"** is a true and correct copy of Plaintiff's Responses to General Order Standard Interrogatories, dated September 11, 2013.

5.      Attached collectively hereto as **Exhibit "C"** is a true and correct copy of selected pages of the Deposition of Plaintiff Freddie Beauchamp, Jr., taken on October 17, 2013.

6.      Attached as **Exhibit "D"** is a true and correct copy of Plaintiff's CCP Sec. 998 Offer to Compromise, served on Ford,  in the amount of  $275,000.

7.      Attached as **Exhibit "E"** is a true and correct copy of the relevant portions of the transcript of the discussion among the trial court, Toyota counsel Edward Hugo, and Plaintiff counsel Rob Green regarding Toyota's request for non-suit, taken on January 31, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of February, 2014 at Los Angeles, California.

Paul C. White II

## DECLARATION OF JAMES J. YUKEVICH

I, James J. Yukevich, declare:

1.    I am an attorney at law duly licensed to practice before all courts of the State of California and a partner with the law firm of Yukevich | Cavanaugh, attorneys of record for FORD MOTOR COMPANY ("Ford"), party to this action, and have personal knowledge of each and all the facts stated in this declaration.

2.    If called as a witness, I could and would competently testify to the facts contained herein.

3.    On Tuesday, January 28, 2014, counsel for Plaintiff, Stuart Purdy, stated to me that Toyota Motor Sales, U.S.A., Inc. was the only remaining California defendant, and asked if the Plaintiff settled with Toyota Motor Sales, U.S.A., Inc., would Ford Motor Co. agree to stipulate not to remove the case to Federal Court.  I indicated I would ask Ford Motor Co. if they would do so.

4.    On January 30, 2014, immediately before Plaintiff's opening statement, I told Mr. Purdy I still did not have authority to stipulate to agreeing to non-removal. Mr. Purdy told me "don't worry about it."  Plaintiff then proceeded with their opening statement, and intentionally failed to mention Toyota Motor Sales, U.S.A., Inc.  Toyota's counsel then moved for non-suit under C.C.P. Section 581c(a) .  The presiding judge, Honorable C. Chester Horn, asked plaintiffs if they wished to re-open.  Plaintiff chose not to re-open and Judge Horn took the motion under submission.

5.    On January 31, 2014, Judge Horn again asked Plaintiff counsel if he wished to enlarge or reopen their opening statement.  Plaintiff counsel declined both requests.  Judge Horn then granted Plaintiff's motion.

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

6.     The Judge further inquired of Plaintiff counsel regarding any agreement between Plaintiff and Toyota.  Plaintiff counsel declined to respond to Judge Horn's inquiry.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of February, 2014 at Los Angeles, California.

James J. Yukevich

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# EXHIBIT A

| | |
|---|---|
| 1 | JENNIFER L. BARTLETT, CA Bar No. 183154 |
| | ROBERT A. GREEN, CA Bar No. 216116 |
| 2 | STUART J. PURDY, CA Bar No. 239878 |
| | TYSON B. GAMBLE, CA Bar No. 266677 |
| 3 | **SIMON GREENSTONE PANATIER BARTLETT, PC** |
| | 301 E. Ocean Blvd., Suite 1950 |
| 4 | Long Beach, California 90802 |
| | Telephone (562) 590-3400 |
| 5 | Facsimile (562) 590-3412 |
| 6 | Attorneys for Plaintiff |

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 08 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **FOR THE COUNTY OF LOS ANGELES**

10

11    **FREDDIE BEAUCHAMP, JR.,**                    Case No.    **B C 5 1 4 2 9 3**

12                                    Plaintiff,    THIS ACTION CONSTITUTES COMPLEX
                                                    ASBESTOS LITIGATION – SUBJECT TO THE
13            vs.                                    GENERAL ORDERS CONTAINED IN FILE NO.
                                                    C 700000 – DEPT. 59
14    **AMERICAN HONDA MOTOR**
      **COMPANY, INC.;**                            **COMPLAINT FOR PERSONAL INJURY –**
15    **AUTOZONE WEST, INC.** *(sued*               **ASBESTOS (NEGLIGENCE; STRICT**
      *individually and as successor-in-interest to*  **LIABILITY; CONSPIRACY)**
16    *CHIEF AUTO PARTS);*
      **BORG WARNER CORPORATION** *by*
17    *its successor-in-interest BORG-WARNER*
      *MORSE TEC, INC.;*
18    **CATERPILLAR, INC.;**
      **CNH AMERICA LLC** *(sued as*
19    *successor-by-merger to CASE*
      *CORPORATION);*
20    **CRA TRAILERS, INC.** *f/k/a GREAT*
      *DANE TRAILERS, INC.;*
21    **CSK AUTO, INC.** *(sued individually and*
      *as successor-in-interest to KRAGEN AUTO*
22    *SUPPLY CO.);*
      **DAIMLER TRUCKS NORTH**
23    **AMERICA LLC** *d/b/a WESTERN STAR*
      *TRUCKS (sued individually and as*
24    *successor-in-interest to FREIGHTLINER*
      *LLC);*
25    **DANA COMPANIES LLC** *f/k/a SPICER*
      *MANUFACTURING COMPANY (sued*
26    *individually and as successor-in-interest to*
      *VICTOR GASKET MANUFACTURING*
27    *COMPANY);*
      **DEERE & COMPANY** *d/b/a JOHN*
28    *DEERE;*

1
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| 1 | EATON CORPORATION; |
| | FEDERAL-MOGUL ASBESTOS |
| 2 | PERSONAL INJURY TRUST *(sued as* |
| | *successor to FELT-PRODUCTS* |
| 3 | *MANUFACTURING CO.)*; |
| | FORD MOTOR COMPANY; |
| 4 | GENUINE PARTS COMPANY *d/b/a* |
| | *NATIONAL AUTOMOTIVE PARTS* |
| 5 | *ASSOCIATION (aka NAPA)*; |
| | HENNESSY INDUSTRIES, INC.; |
| 6 | HONEYWELL INTERNATIONAL, |
| | INC. *f/k/a ALLIED-SIGNAL, INC. (sued* |
| 7 | *individually and as successor-in-interest to* |
| | *BENDIX CORPORATION)*; |
| 8 | HYUNDAI MOTOR AMERICA; |
| | INGERSOLL RAND COMPANY; |
| 9 | KELSEY-HAYES COMPANY; |
| | MACK TRUCKS, INC.; |
| 10 | MAREMONT CORPORATION *(sued* |
| | *individually and as successor-in-interest to* |
| 11 | *GRIZZLY MANUFACTURING* |
| | *COMPANY)*; |
| 12 | MAZDA MOTOR OF AMERICA, INC.; |
| | McCORD GASKET CORPORATION; |
| 13 | MEADWESTVACO CORPORATION |
| | *(f/k/a WESTVACO)*; |
| 14 | MERITOR, INC. *formerly named* |
| | *ARVINMERITOR, INC. successor-by-* |
| 15 | *merger to MERITOR AUTOMOTIVE (sued* |
| | *individually and as successor-in-interest to* |
| 16 | *ROCKWELL INTERNATIONAL* |
| | *CORPORATION)*; |
| 17 | METROPOLITAN LIFE INSURANCE |
| | COMPANY; |
| 18 | NAVISTAR, INC. *f/k/a INTERNATIONAL* |
| | *TRUCK AND ENGINE COMPANY*; |
| 19 | NISSAN NORTH AMERICA, INC.; |
| | O'REILLY AUTOMOTIVE STORES, |
| 20 | INC. *(sued individually and as successor to* |
| | *CSK AUTO, INC.)*; |
| 21 | PACCAR, INC. *d/b/a KENWORTH* |
| | *TRUCK COMPANY and PETERBILT* |
| 22 | *TRUCK COMPANY*; |
| | PARKER-HANNIFIN CORPORATION |
| 23 | *(sued as successor to EIS AUTOMOTIVE* |
| | *CORPORATION)*; |
| 24 | THE PEP BOYS - MANNY MOE & |
| | JACK OF CALIFORNIA; |
| 25 | PERFECTION HY-TEST COMPANY, |
| | INC. *d/b/a PERFECTION CLUTCH* |
| 26 | *COMPANY (sued individually and as* |
| | *successor-in-interest to ZOOM* |
| 27 | *PERFORMANCE PRODUCTS)*; |
| | PINES TRAILER CORPORATION; |
| 28 | PNEUMO ABEX LLC *(sued as* |
| | *successor-in-interest to ABEX* |

1    *CORPORATION)*;
     **ROCKWELL AUTOMATION, INC.**
2    **f/k/a ROCKWELL INTERNATIONAL**
     **CORP.;**
3    **SCHAEFFLER GROUP USA, INC.**
     *d/b/a LUK AUTOMOTIVE SYSTEMS*;
4    **SUBARU OF AMERICA, INC.;**
     **TOYOTA MOTOR SALES, U.S.A.,**
5    **INC.;**
     **TRAIL KING INDUSTRIES, INC.;**
6    **UTILITY TRAILER**
     **MANUFACTURING COMPANY;**
7    **UNION CARBIDE CORPORATION;**
     **and DOES 1-450 INCLUSIVE,**
8

9

10                          **Defendants.**

11

12                     **GENERAL ALLEGATIONS**

13        COMES NOW Plaintiff, **FREDDIE BEAUCHAMP, JR.** (hereinafter "Plaintiff"), and

14   complains and alleges as follows:

15        1.    The true names and capacities, whether individual, corporate, associate, governmental

16   or otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiff at this time, who

17   therefore sues said Defendants by such fictitious names. When the true names and capacities of said

18   Defendants have been ascertained, Plaintiff will amend this complaint accordingly. Plaintiff is

19   informed and believes, and thereon alleges that each Defendant designated herein as a DOE is

20   responsible, negligently or in some other actionable manner, for the events and happenings hereinafter

21   referred to, and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter

22   alleged.

23        2.    At all times herein mentioned, each of the Defendants was the agent, servant, employee

24   and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was

25   acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiff

26   is informed and believes, and thereon alleges that at all times herein mentioned, Defendants

27   **AMERICAN HONDA MOTOR COMPANY, INC.; AUTOZONE WEST, INC.** *(sued individually*

28   *and as successor-in-interest to CHIEF AUTO PARTS)*; **BORG WARNER CORPORATION** *by its*

                                      **3**
          **COMPLAINT FOR PERSONAL INJURY – ASBESTOS** Exhibit A, Page 000015

1  *successor-in-interest BORG-WARNER MORSE TEC, INC.*; **CATERPILLAR, INC.**; **CNH**

2  **AMERICA LLC** *(sued as successor-by-merger to CASE CORPORATION)*; **CRA TRAILERS, INC.**

3  *f/k/a GREAT DANE TRAILERS, INC.*; **CSK AUTO, INC.** *(sued individually and as successor-in-*

4  *interest to KRAGEN AUTO SUPPLY CO.)*; **DAIMLER TRUCKS NORTH AMERICA LLC** *d/b/a*

5  *WESTERN STAR TRUCKS (sued individually and as successor-in-interest to FREIGHTLINER LLC)*;

6  **DANA COMPANIES LLC** *f/k/a SPICER MANUFACTURING COMPANY (sued individually and as*

7  *successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY)*; **DEERE &**

8  **COMPANY** *d/b/a JOHN DEERE*; **EATON CORPORATION**; **FEDERAL-MOGUL ASBESTOS**

9  **PERSONAL INJURY TRUST** *(sued as successor to FELT-PRODUCTS MANUFACTURING CO.)*;

10  **FORD MOTOR COMPANY**; **GENUINE PARTS COMPANY** *d/b/a NATIONAL AUTOMOTIVE*

11  *PARTS ASSOCIATION (aka NAPA)*; **HENNESSY INDUSTRIES, INC.**; **HONEYWELL**

12  **INTERNATIONAL, INC.** *f/k/a ALLIED-SIGNAL, INC. (sued individually and as successor-in-*

13  *interest to BENDIX CORPORATION)*; **HYUNDAI MOTOR AMERICA**; **INGERSOLL RAND**

14  **COMPANY**; **KELSEY-HAYES COMPANY**; **MACK TRUCKS, INC.**; **MAREMONT**

15  **CORPORATION** *(sued individually and as successor-in-interest to GRIZZLY MANUFACTURING*

16  *COMPANY)*; **MAZDA MOTOR OF AMERICA, INC.**; **McCORD GASKET CORPORATION**;

17  **MEADWESTVACO CORPORATION** *(f/k/a WESTVACO)*; **MERITOR, INC.** *formerly named*

18  *ARVINMERITOR, INC. successor-by-merger to MERITOR AUTOMOTIVE, (sued individually and as*

19  *successor-in-interest to ROCKWELL INTERNATIONAL CORPORATION)*; **METROPOLITAN**

20  **LIFE INSURANCE COMPANY**; **NAVISTAR, INC.** *f/k/a INTERNATIONAL TRUCK AND*

21  *ENGINE COMPANY*; **NISSAN NORTH AMERICA, INC.**; **O'REILLY AUTOMOTIVE**

22  **STORES, INC.** *(sued individually and as successor to CSK AUTO, INC.)*; **PACCAR, INC.** *d/b/a*

23  *KENWORTH TRUCK COMPANY and PETERBILT TRUCK COMPANY*; **PARKER-HANNIFIN**

24  **CORPORATION** *(sued as successor to EIS AUTOMOTIVE CORPORATION)*; **THE PEP BOYS -**

25  **MANNY MOE & JACK OF CALIFORNIA**; **PERFECTION HY-TEST COMPANY, INC.** *d/b/a*

26  *PERFECTION CLUTCH COMPANY (sued individually and as successor-in-interest to ZOOM*

27  *PERFORMANCE PRODUCTS)*; **PINES TRAILER CORPORATION**; **PNEUMO ABEX LLC**

28  *(sued as successor-in-interest to ABEX CORPORATION)*; **ROCKWELL AUTOMATION, INC.**;

1   f/k/a ROCKWELL INTERNATIONAL CORP. **SCHAEFFLER GROUP USA, INC.** *d/b/a LUK*

2   *AUTOMOTIVE SYSTEMS*; **SUBARU OF AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A.,**

3   **INC.; TRAIL KING INDUSTRIES, INC.; UTILITY TRAILER MANUFACTURING**

4   **COMPANY; UNION CARBIDE CORPORATION,** and DOES 1-450 inclusive, were individuals,

5   corporations, partnerships and/or unincorporated associations organized and existing under and by

6   virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and

7   that said Defendants, and each of them, were and are authorized to do and are doing business in the

8   State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants,

9   and each of them, were and are authorized to do and are doing business in the State of California, and

10   that said Defendants have regularly conducted business in the County of Los Angeles, State of

11   California.

12       3.      Plaintiff alleges herein that he developed malignant mesothelioma as a result of

13   exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products

14   designed to be used in association with asbestos products ("Defendants' Products"), including:

15   **AMERICAN HONDA MOTOR COMPANY, INC.** (Honda automotive friction products);

16   **AUTOZONE WEST, INC.** *(sued individually and as successor-in-interest to CHIEF AUTO PARTS)*

17   (as a supplier of asbestos-containing friction products); **BORG WARNER CORPORATION** *by its*

18   *successor-in-interest BORG-WARNER MORSE TEC, INC.* (Borg Warner clutches);

19   **CATERPILLAR, INC.** (Caterpillar engines); **CNH AMERICA LLC** *(sued as successor-by-merger*

20   *to CASE CORPORATION)* (Case road equipment); **CRA TRAILERS, INC.** *f/k/a GREAT DANE*

21   *TRAILERS, INC.* (Great Dane tractor- trailers); **CSK AUTO, INC.** *(sued individually and as*

22   *successor-in-interest to KRAGEN AUTO SUPPLY CO.)* (as a supplier of asbestos-containing friction

23   products); **DAIMLER TRUCKS NORTH AMERICA LLC** *d/b/a WESTERN STAR TRUCKS (sued*

24   *individually and as successor-in-interest to FREIGHTLINER LLC)* (Freightliner trucks and Western

25   Star trucks); **DANA COMPANIES LLC** *f/k/a SPICER MANUFACTURING COMPANY (sued*

26   *individually and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY)*

27   (Victor gaskets and Spicer truck brakes); **DEERE & COMPANY** *d/b/a JOHN DEERE* (John Deere

28   tractors); **EATON CORPORATION** (Eaton truck brakes); **FEDERAL-MOGUL ASBESTOS**

1  PERSONAL INJURY TRUST *(sued as successor to FELT-PRODUCTS MANUFACTURING CO.)*
2  (Fel-Pro gaskets); **FORD MOTOR COMPANY** (Ford brakes and clutches); **GENUINE PARTS**
3  **COMPANY** *d/b/a NATIONAL AUTOMOTIVE PARTS ASSOCIATION (aka NAPA)* (as a supplier of
4  asbestos-containing friction products); **HENNESSY INDUSTRIES, INC.** (for Ammco arc grinders
5  brake lathes); **HONEYWELL INTERNATIONAL, INC.** *f/k/a ALLIED-SIGNAL, INC. (sued*
6  *individually and as successor-in-interest to BENDIX CORPORATION)* (for Bendix brakes);
7  **HYUNDAI MOTOR AMERICA** (for Hyundai friction products); **INGERSOLL RAND**
8  **COMPANY** (for Ingersoll Rand heavy duty road equipment); **KELSEY-HAYES COMPANY** (for
9  Kelsey-Hayes brakes and clutches); **MACK TRUCKS, INC.** (for Mack trucks); **MAREMONT**
10 **CORPORATION** *(sued individually and as successor-in-interest to GRIZZLY MANUFACTURING*
11 *COMPANY)* (for Maremont mufflers and Grizzly brakes); **MAZDA MOTOR OF AMERICA, INC.**
12 (for Mazda friction products); **McCORD GASKET CORPORATION** (for McCord gaskets);
13 **MEADWESTVACO CORPORATION** *(f/k/a WESTVACO)* (as a supplier of asbestos-containing
14 friction paper); **MERITOR, INC.** *formerly named ARVINMERITOR, INC. successor-by-merger to*
15 *MERITOR AUTOMOTIVE, (sued individually and as successor-in-interest to ROCKWELL*
16 *INTERNATIONAL CORPORATION)* (Rockwell transmissions and clutches); **METROPOLITAN**
17 **LIFE INSURANCE COMPANY** (as a conspiracy Defendant); **NAVISTAR, INC.** *f/k/a*
18 *INTERNATIONAL TRUCK AND ENGINE COMPANY* (International trucks); **NISSAN NORTH**
19 **AMERICA, INC.** (for Nissan and Datsun friction products); **O'REILLY AUTOMOTIVE**
20 **STORES, INC.** *(sued individually and as successor to CSK AUTO, INC.)*; **PACCAR, INC.** *d/b/a*
21 *KENWORTH TRUCK COMPANY and PETERBILT TRUCK COMPANY* (for Kenworth trucks and
22 Peterbilt truck brakes); **PARKER-HANNIFIN CORPORATION** *(sued as successor to EIS*
23 *AUTOMOTIVE CORPORATION)* (for EIS brakes); **THE PEP BOYS - MANNY MOE & JACK OF**
24 **CALIFORNIA** (as a supplier of asbestos-containing friction products); **PERFECTION HY-TEST**
25 **COMPANY, INC.** *d/b/a PERFECTION CLUTCH COMPANY (sued individually and as successor-*
26 *in-interest to ZOOM PERFORMANCE PRODUCTS)* (for Zoom clutches); **PINES TRAILER**
27 **CORPORATION** (for Pine tractor-trailers); **PNEUMO ABEX LLC** *(sued as successor-in-interest to*
28 *ABEX CORPORATION)* (for Abex brakes); **ROCKWELL AUTOMATION, INC.** *f/k/a*

1   ROCKWELL INTERNATIONAL CORP. (for Rockwell transmissions and clutches);

2   **SCHAEFFLER GROUP USA, INC.** *d/b/a LUK AUTOMOTIVE SYSTEMS* (for Luk clutches);

3   **SUBARU OF AMERICA, INC.** (for Subaru friction products); **TOYOTA MOTOR SALES,**

4   **U.S.A., INC.** (for Toyota friction products); **TRAIL KING INDUSTRIES, INC.** (for Trail King

5   tractor-trailers); **UTILITY TRAILER MANUFACTURING COMPANY** (for Utility tractor-

6   trailers); and **UNION CARBIDE CORPORATION** (as a supplier of asbestos fiber).

7   <u>**FIRST CAUSE OF ACTION**</u>

8   (Negligence)

9       PLAINTIFF COMPLAINS OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE
  ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE
10   ALLEGES AS FOLLOWS:

11       4.   Plaintiff incorporates herein by reference, as though fully set forth therein, the general

12   allegations set forth above.

13       5.   At all times herein mentioned, each of the named Defendants and DOES 1 through 450

14   was the successor, successor-in-business, successor-in-product line or a portion thereof, parent,

15   subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

16   researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

17   distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

18   contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

19   packaging and advertising asbestos, asbestos products and/or products designed to cut, saw or

20   otherwise manipulate asbestos and products containing asbestos, including but not limited to, those

21   products identified in paragraph 3 above. Said entities shall hereinafter collectively be called

22   "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each

23   successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in

24   product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially

25   owned entity, or entity that it was a member of, or funded, that researched, repaired, marketed,

26   warranted, re-branded, manufactured for others and advertised asbestos, and asbestos products and/or

27   products designed to cut, saw or otherwise manipulate asbestos or products containing asbestos. The

28   following Defendants, and each of them, are liable for the acts of each and every "alternate entity",

1    and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such

2    "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion

3    thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of

4    Plaintiff's remedy against each such "alternate entity"; each such Defendant has the ability to assume

5    the risk-spreading role of each such "alternate entity"; and that each such Defendant enjoys the

6    goodwill originally attached to each such "alternate entity".

| **DEFENDANT** | **ALTERNATE ENTITY** |
| --- | --- |
| AUTOZONE WEST, INC. | CHIEF AUTO PARTS |
| BORG WARNER CORPORATION | BORG-WARNER MORSE TEC, INC.<br>BYRON JACKSON PUMPS |
| CNH AMERICA LLC | CASE CORPORATION |
| CRA TRAILERS, INC. | GREAT DANE TRAILERS |
| CSK AUTO, INC. | KRAGEN AUTO SUPPLY CO |
| DAIMLER TRUCKS NORTH<br>   AMERICA, LLC | WESTERN STAR TRUCKS<br>FREIGHTLINER L LC |
| DANA COMPANIES, LLC | SPICER MANUFACTURING COMPANY<br>VICTOR GASKET MANUFACTURING CO |
| DEERE & COMPANY | JOHN DEERE |
| FEDERAL-MOGUL ASBESTOS<br>   PERSONAL INJURY TRUST | FELT-PRODUCTS MANUFACTURING CO. |
| FORD MOTOR COMPANY | MOTORCRAFT |
| GENUINE PARTS COMPANY | NATIONAL AUTOMOTIVE PARTS ASSOC<br>NAPA |
| MAREMONT CORPORATION | GRIZZLY MANUFACTURING COMPANY |
| MEADWESTVACO | THE MEAD CORPORATION<br>PIEDMONT PULP & PAPER COMPANY<br>WEST VIRGINIA PULP & PAPER COMPANY<br>WESTVACO |
| MERITOR, INC. | ARVINMERITOR, INC.<br>MERITOR AUTOMOTIVE<br>ROCKWELL INTERNATIONAL CORP |
| NAVISTAR, INC. | INTERNATIONAL TRUCK AND<br>   ENGINE COMPANY |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

| | |
|---|---|
| NISSAN NORTH AMERICA, INC. | DATSUN |
| O'REILLY AUTOMOTIVE STORES, INC. | CSK AUTO, INC. |
| PACCAR, INC. | KENWORTH TRUCK COMPANY<br>PETERBILT TRUCK COMPANY |
| PARKER-HANNIFIN CORPORATION | EIS AUTOMOTIVE CORPORATION |
| THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA | MMJ CORPORATION<br>PEP PROPERTIES, INC. |
| PERFECTION HY-TEST COMPANY, INC. | PERFECTION CLUTCH COMPANY<br>ZOOM PERFORMANCE PRODUCTS |
| PNEUMO ABEX CORPORATION | ABEX CORPORATION |
| SCHAEFFLER GROUP USA, INC. | LUK AUTOMOTIVE SYSTEMS |
| UNION CARBIDE CORPORATION | THE DOW CHEMICAL COMPANY<br>UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC.<br>UNION CARBIDE AND CARBON CORPORATION<br>LINDE AIR PRODUCTS COMPANY<br>NATIONAL CARBON CO., INC.<br>PREST-O-LITE CO., INC.<br>UNION CARBIDE COMPANY<br>CARBIDE AND CARBON CHEMICALS CORPORATION<br>BAKELITE COROPORATION<br>UNION CARBIDE CONSUMER PRODUCTS CO.<br>UNION CARBIDE MINING AND METALS DIVISION<br>UNION CARBIDE ELECTRONICS DIVISION<br>UNION CARBIDE HYDROCARBONS DIVISION<br>UNION CARBIDE FERROALLOYS DIVISION<br>JENNAT CORPORATION<br>AMERCHOL CORPORATION<br>UOP<br>UCAR CARBON COMPANY<br>UNION CARBIDE INDUSTRIAL GASES INC.<br>PRAXAIR, INC.<br>POLIMERI EUROPA S.r.l.<br>ASIAN ACETYLS COMPANY, LTD.<br>EQUATE PETROCHEMICAL COMPANY |

COMPLAINT FOR PERSONAL INJURY – ASBESTOS Exhibit A, Page 000021

6.  At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos, asbestos products and/or products designed to cut, saw or otherwise manipulate asbestos or products containing asbestos (hereinafter Defendants' Products).  **FORD MOTOR COMPANY** specifically designed its braking systems for asbestos-containing brake linings such that no other material could be utilized as brake linings in those systems.

7.  At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff FREDDIE BEAUCHAMP, JR. herein (hereinafter collectively called "exposed person").  Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities", and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person".  Plaintiff herein alleges that FREDDIE BEAUCHAMP, JR. was exposed to asbestos that was caused to be released as a result of exposures to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff FREDDIE BEAUCHAMP, JR.'s injuries.

8.      Defendants, their "alternate entities", and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendant breached said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed person", including Plaintiff FREDDIE BEAUCHAMP, JR., of the health hazards of using Defendants' products; failed to disclose the known or knowable dangers of using Defendants' Products; failed to warn of the harmful exposures caused by use of said products to cut, saw or otherwise manipulate asbestos-containing products; failed to obtain suitable alternative materials to asbestos when such alternatives were available; and as otherwise stated herein.

9.      The Defendants' products were and are hazardous to the health and safety of Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, and since on or before 1930, the hazards and dangerous propensities of the Defendants' products were both known and knowable to the Defendants, their "alternate entities", and each of them, through the use of medical and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of them, at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger to users, including Plaintiff FREDDIE BEAUCHAMP, JR., of Defendants' Products through the intended and reasonably foreseeable use of those products.

10.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products were dangerous and were likely to be dangerous when used in their intended and reasonably foreseeable manner.

11.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," and/or used to cut,

1  saw or otherwise manipulate products containing asbestos, or otherwise disturbed in their ordinary,

2  intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos

3  fibers, and that through such activity, "exposed person," including Plaintiff FREDDIE

4  BEAUCHAMP, JR. herein, would be exposed to said hazardous and dangerous asbestos fibers.

5  Defendants, their "alternate entities", and each of them, knew or reasonably should have known that

6  users, such as Plaintiff FREDDIE BEAUCHAMP, JR. and others in his position, working with and in

7  close proximity to Defendants' Products would not realize or know the danger. Defendants, their

8  "alternate entities", and each of them, negligently failed to adequately warn or instruct of the dangers

9  of the products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier,

10 under the same or similar circumstances, would have warned of the dangers to avoid exposing others

11 to a foreseeable risk of harm. The negligent failure of Defendants, their "alternate entities", and each

12 of them, to warn was a substantial factor in causing harm to Plaintiff FREDDIE BEAUCHAMP, JR.

13     12.    Plaintiff FREDDIE BEAUCHAMP, JR. used, handled, or was otherwise exposed to

14 asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to

15 Defendants and each of them. Plaintiff's exposure to Defendants' Products occurred at various

16 locations set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

17     13.    As a direct and proximate result of the conduct of the Defendants, their "alternate

18 entities", and each of them, as aforesaid, Plaintiff FREDDIE BEAUCHAMP, JR.'s exposure to

19 asbestos from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the

20 nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were

21 attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto

22 and incorporated by reference herein. Plaintiff is informed and believes, and thereon alleges, that

23 progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers

24 without perceptible trauma and that said disease results from exposure to Defendants' Products over a

25 period of time.

26     14.    Plaintiff FREDDIE BEAUCHAMP, JR. suffers from malignant pleural mesothelioma,

27 caused by exposure to asbestos from Defendants' Products and/or from the use of Defendants'

28 Products to cut, saw or otherwise manipulate products containing asbestos, including those products

1 identified in paragraph 3 above. Plaintiff FREDDIE BEAUCHAMP, JR. was not aware at the time of

2 exposure that Defendants' Products presented any risk of injury and/or disease.

3     15.     As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

4 entities", and each of them, Plaintiff FREDDIE BEAUCHAMP, JR. has suffered and will continue to

5 suffer permanent injuries and future injuries to his person, body and health, including, but not limited

6 to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea,

7 dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as

8 Plaintiff's malignant mesothelioma progresses, all to his general damage in a sum in excess of the

9 jurisdictional limit of a limited civil case.

10     16.     As a direct and proximate result of the aforesaid conduct of the Defendants, their

11 "alternate entities", and each of them, Plaintiff FREDDIE BEAUCHAMP, JR. has incurred, is

12 presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care,

13 medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being

14 presently unknown to Plaintiff subject to proof at trial.

15     17.     As a further direct and proximate result of the said conduct of the Defendants, their

16 "alternate entities", and each of them, Plaintiff has incurred, and will incur, loss of income, wages,

17 profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

18 exact amount thereof being presently unknown to Plaintiff, subject to proof at trial.

19     18.     Plaintiff further alleges that Defendants, their "alternate entities", and each of them,

20 also engaged in the following wrongful acts:

21     (a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers,

22 including Plaintiff FREDDIE BEAUCHAMP, JR. medical and scientific information concerning the

23 health hazards associated with inhalation of asbestos, including the substantial risk of injury or death

24 therefrom. Although Defendants, and each of them, knew of the substantial risks associated with

25 exposure to asbestos, they willfully and knowingly concealed such information from the users of their

26 asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

27 "exposed person", including Plaintiff FREDDIE BEAUCHAMP, JR.

28     (b)     Defendants, their "alternate entities", and each of them, belonged to, participated in,

1    and financially supported industry organizations, including but not limited to the Gypsum Association,

2    Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

3    of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

4    information about the dangers of asbestos to users of the aforementioned products and materials,

5    thereby misleading Plaintiff FREDDIE BEAUCHAMP, JR. as to the safety of their products.  Through

6    their participation and association with such industry organizations, Defendants, and each of them,

7    knowingly and deliberately concealed and suppressed the true information regarding asbestos and its

8    dangers, and propagated misinformation intended to instill in users of Defendants' Products a false

9    security about the safety of their products.  The Dust Control Committee, which changed its name to

10   the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the

11   subject of dust control.  Discussions in this committee were held many times regarding the dangers

12   inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information

13   was suppressed from public dissemination from 1946 to a date unknown to Plaintiff FREDDIE

14   BEAUCHAMP, JR. at this time;

15        (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

16   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim

17   and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and

18   possessed medical and scientific information of the connection between the inhalation of asbestos

19   fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and

20   other industry organizations to all other Defendants, their "alternate entities", and each of them,

21   herein.  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to

22   provide this information to consumers;

23        (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

24   FREDDIE BEAUCHAMP, JR. and others of the nature of said materials which were dangerous when

25   breathed and which could cause pathological effects without noticeable trauma, despite the fact that

26   Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to

27   disclose that said materials were dangerous and a threat to the health of persons coming into contact

28   therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff FREDDIE BEAUCHAMP, JR. with information concerning adequate protective masks and other equipment devised to be used in the operation and/or manipulation of Defendants' products, their "alternate entities", and each of them, and/or when applying, mixing, sawing, cutting, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff FREDDIE BEAUCHAMP, JR. and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff FREDDIE BEAUCHAMP, JR. and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff FREDDIE BEAUCHAMP, JR. so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

19.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

20.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard · and

Exhibit A, Page 000027

1  indifference to the safety and health of "exposed person," including Plaintiff FREDDIE

2  BEAUCHAMP, JR., in that Defendants, and each of them, continued to manufacture, market and/or

3  sell dangerous products known to cause asbestos to be released, and to cause severe, permanent

4  injuries and death, despite possessing knowledge of the substantial hazards posed by use of their

5  products, in order to continue to profit financially therefrom. Defendants, their "alternate entities",

6  and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable,

7  wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an

8  award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiff, for the sake

9  of example and by way of punishing said Defendants, seeks punitive damages according to proof.

10      21.   Defendants, and each of them, engaged in conduct which was intended by Defendants,

11  and each of them, to cause injury to the Plaintiff, and despicable conduct which was carried on by the

12  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

13  FREDDIE BEAUCHAMP, JR.

14      22.   Defendants, and each of them, engaged in the despicable conduct described herein that

15  subjected persons, including Plaintiff FREDDIE BEAUCHAMP, JR., to cruel and unjust hardship in

16  the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in

17  conscious disregard of those persons' rights.

18      23.   As a direct and proximate result of such intentional conduct by Defendants, their

19  "alternate entities", and each of them, Plaintiff FREDDIE BEAUCHAMP, JR. sustained the injuries

20  and damages alleged herein.

21      WHEREFORE, Plaintiff prays for judgment against Defendants, their "alternate entities", and

22  each of them, as hereinafter set forth.

23                    **SECOND CAUSE OF ACTION**

24                        (Strict Liability)

25      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
    FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR
26  "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

27      24.   Plaintiff incorporates herein by reference, as though fully set forth therein, each and

28  every one of the general allegations and the allegations contained in the First Cause of Action herein.

25.     Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products which were defective in that they failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff FREDDIE BEAUCHAMP, JR., and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff FREDDIE BEAUCHAMP, JR. and others in Plaintiff's position working with and in close proximity to such products.

26.     Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, repaired, maintained, overhauled, removed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," cut, sawed, installed, and/or used as intended, or used to cut, saw or manipulate products containing asbestos or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff FREDDIE BEAUCHAMP, JR. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities", and each of them.   At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the Defendants, their "alternate entities", and each of them and/or any changes made to the products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Plaintiff FREDDIE BEAUCHAMP, JR. and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them.   The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff FREDDIE BEAUCHAMP, JR., including malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

27.     As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products were defective in that they failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, caused respirable asbestos fibers to be released from asbestos products during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans.  Plaintiff further alleges that "exposed person", including Plaintiff FREDDIE BEAUCHAMP, JR., was unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff F FREDDIE BEAUCHAMP, JR. had reason to expect was a substantial factor in causing his injuries. Moreover, Defendants' Products were also defective in their design under the "risk/benefit test" of design defect because the risks of said products outweighed their benefits.

28.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff FREDDIE BEAUCHAMP, JR. has suffered the injuries and damages alleged herein.

29.     Plaintiff further alleges that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff FREDDIE BEAUCHAMP, JR., medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff FREDDIE BEAUCHAMP, JR.

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials,

 Exhibit A, Page 000030

1  thereby misleading Plaintiff FREDDIE BEAUCHAMP, JR. as to the safety of their products. Through
2  their participation and association with such industry organizations, Defendant, and each of them,
3  knowingly and deliberately concealed and suppressed the true information regarding asbestos and its
4  dangers, and propagated misinformation intended to instill in users of Defendants' Products a false
5  security about the safety of their products. The Dust Control Committee, which changed its name to
6  the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the
7  subject of dust control. Discussions in this committee were held many times regarding the dangers
8  inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information
9  was suppressed from public dissemination from 1946 to a date unknown to Plaintiff FREDDIE
10  BEAUCHAMP, JR. at this time;
11          (c)      Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford
12  Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim
13  and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and
14  possessed medical and scientific information of the connection between the inhalation of asbestos
15  fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and
16  other industry organizations to all other Defendants, their "alternate entities", and each of them,
17  herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to
18  provide this information to consumers;
19          (d)      Defendants, their "alternate entities", and each of them, failed to warn Plaintiff
20  FREDDIE BEAUCHAMP, JR. and others of the nature of said materials which were dangerous when
21  breathed and which could cause pathological effects without noticeable trauma, despite the fact that
22  Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to
23  disclose that said materials were dangerous and a threat to the health of persons coming into contact
24  therewith;
25          (e)      Defendants, their "alternate entities", and each of them, failed to provide Plaintiff
26  FREDDIE BEAUCHAMP, JR. with information concerning adequate protective masks and other
27  equipment devised to be used in the operation and/or manipulation of Defendants' products, their
28  "alternate entities", and each of them, and/or when applying, mixing, sawing, cutting, installing and

1  sanding Defendants' Products, their "alternate entities", and each of them, despite knowing that such

2  protective measures were necessary, and that they were under a duty to disclose that such materials

3  were dangerous and would result in injury to Plaintiff F FREDDIE BEAUCHAMP, JR. and others

4  applying and installing such material;

5       (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that

6  Plaintiff FREDDIE BEAUCHAMP, JR. and anyone similarly situated, upon inhalation of asbestos

7  would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis,

8  asbestosis, mesothelioma and/or cancer;

9       (g)    Defendants, their "alternate entities", and each of them, failed to provide information of

10  the true nature of the hazards of asbestos materials and that exposure to these material would cause

11  pathological effects without noticeable trauma to the public, including buyers, users, and physicians

12  employed by Plaintiff FREDDIE BEAUCHAMP, JR. so that said physicians could not examine,

13  diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants,

14  their "alternate entities", and each of them, were under a duty to so inform and said failure was

15  misleading; and

16      30.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

17  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge

18  of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities",

19  and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each

20  of them, and each Defendant's officers, directors, and managing agents participated in, authorized,

21  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each

22  of their "alternate entities" as set forth herein.

23      31.    The herein-described conduct of said Defendants, their "alternate entities", and each of

24  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and

25  indifference to the safety and health of "exposed person," including Plaintiff FREDDIE

26  BEAUCHAMP, JR., in that Defendants, and each of them, continued to manufacture, market and/or

27  sell dangerous products known to cause severe, permanent injuries and death, despite possessing

28  knowledge of the substantial hazards posed by use of their products, in order to continue to profit

1   financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in such

2   conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked

3   down upon and despised by ordinary people and justifies an award of punitive and exemplary damages

4   pursuant to Civil Code section 3294.  Plaintiff, for the sake of example and by way of punishing said

5   Defendants, seeks punitive damages according to proof.

6         32.    Defendants, and each of them, engaged in conduct which was intended by Defendants,

7   and each of them, to cause injury to the Plaintiff, and despicable conduct which was carried on by the

8   Defendants with a willful and conscious disregard of the rights or safety of others, including Plaintiff

9   FREDDIE BEAUCHAMP, JR.

10        33.    Defendants, and each of them, engaged in the despicable conduct described herein that

11  subjected persons, including Plaintiff FREDDIE BEAUCHAMP, JR., to cruel and unjust hardship in

12  the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in

13  conscious disregard of those persons' rights.

14        34.    As a direct and proximate result of such intentional conduct by Defendants, their

15  "alternate entities", and each of them, Plaintiff FREDDIE BEAUCHAMP, JR. sustained the injuries

16  and damages alleged herein.

17                              **THIRD CAUSE OF ACTION**

18                                  (Conspiracy)

19  AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR
    CONSPIRACY, PLAINTIFF COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR
20  "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

21        35.    Defendant **METROPOLITAN LIFE INSURANCE COMPANY** rendered

22  substantial aid and assistance to the manufacturers of asbestos-containing products to which Plaintiff

23  FREDDIE BEAUCHAMP, JR. was exposed, and such assistance by Metropolitan Life aided and

24  abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by

25  such manufacturers which proximately caused Plaintiff FREDDIE BEAUCHAMP, JR.'s illness,

26  injuries, and disabilities.

27        36.    In both conducting tests and in publishing their alleged results, **METROPOLITAN**

28  **LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests

                                     21
Exhibit A, Page 000033

1   of the health effects of asbestos.  **METROPOLITAN LIFE** also caused to be published intentionally

2   false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

3         37.  Plaintiff FREDDIE BEAUCHAMP, JR. unwittingly but justifiably relied upon the

4   thoroughness of **METROPOLITAN LIFE's** tests and information dissemination, the results of

5   which Metropolitan Life published in leading medical journals.

6         38.  As a direct and proximate contributing result of **METROPOLITAN LIFE's** failures to

7   conduct or accurately publish adequate tests or disseminate accurate and truthful information, after

8   undertaking to do so; (i) the risk of harm to Plaintiff FREDDIE BEAUCHAMP, JR. from asbestos

9   exposure was increased, and (ii) Plaintiff FREDDIE BEAUCHAMP, JR. suffered the injuries

10  described below.

11        39.  In failing to test fully and adequately for the adverse health effects from exposure to

12  asbestos; in delaying the publication of such results; and in falsely editing such results as were

13  obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the

14  sale and distribution of asbestos as a harmless product; and in collaborating with the other

15  Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain,

16  **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of

17  the general public, including FREDDIE BEAUCHAMP, JR.

18  ///

19  ///

20  ///

21

22

23

24

25

26

27

28

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS** Exhibit A, Page 000034

1      40.    WHEREFORE, Plaintiff prays for judgment against Defendants, their "alternate entities",

2  and each of them, in an amount to be proved at trial in each individual case, as follows:

3      <u>Plaintiff FREDDIE BEAUCHAMP, JR.:</u>

4      1.    For Plaintiff's general damages according to proof;

5      2.    For Plaintiff's loss of income, wages, and earning potential according to proof;

6      3.    For Plaintiff's medical and related expenses according to proof;

7      4.    For Plaintiff's cost of suit herein;

8      5.    For exemplary or punitive damages according to proof;

9      6.    For such other and further relief as the Court may deem just and proper, including

10  costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

11  provisions of law.

12

13  DATED: July 8, 2013            SIMON GREENSTONE PANATIER BARTLETT, PC

14

15             By:

16             Jennifer L. Bartlett
           Robert A. Green

17             Stuart J. Purdy
           Tyson B. Gamble

18             Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

Exhibit A, Page 000035

1  <u>DEMAND FOR JURY TRIAL</u>

2  Plaintiff hereby demands trial by jury as to all issues so triable.

3

4  DATED: July 8, 2013                    **SIMON GREENSTONE PANATIER BARTLETT, PC**

5

6                                        By: _____

7                                             Jennifer L. Bartlett
                                             Robert A. Green
                                             Stuart J. Purdy
8                                             Tyson B. Gamble

9                                             Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

## EXHIBIT "A"

Plaintiff FREDDIE BEAUCHAMP, JR.'s exposure to asbestos and asbestos-containing products occurred at various locations within the States of California and Texas, including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| Poole Buick Dealership | Amarillo, TX | Mechanic's Helper and Laborer | 1964-1967 |
| Conoco Service Station | Amarillo, TX | Mechanic's Helper and Laborer | 1967-1968 |
| Schiefer Manufacturing | Monterey Park, CA | Mechanic | 1968-1971 |
| Orwin W. Fox AMC/GMC Dealership | Pasadena, CA | Mechanic | 1971-1972 |
| Piston Supply Company | Los Angeles, CA | Engine Builder | 1972-1974 |
| Dave Beck Engine Company | Los Angeles, CA | Engine Builder | Approximately 1974-1976 |
| Various Car Dealerships and Auto Repair Shops | Located in and around Monrovia, CA; Covina, CA; El Monte, CA; San Gabriel, CA; South Pasadena, CA; and Amarillo, TX | Mechanic | 1974-1977 |
| City of Amarillo | Amarillo, TX | Mechanic | 1977-1986 |
| Amarillo Road Company | Amarillo, TX | Mechanic | 1986-1988 |
| United Petroleum | Amarillo, TX | Truck Driver and Mechanic | Early 1990's |
| Caterpillar | Amarillo, TX | Mechanic | Approx. 1992-1994 |
| Self | Including, but not limited to Amarillo, TX; Los Angeles, CA; Pasadena, CA; and Monterey Park, CA | Repairs and maintenance to personal vehicles | 1960's to 2000's |

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS** Exhibit A, Page 000037

1

## EXHIBIT "B"

2     Plaintiff FREDDIE BEAUCHAMP JR.'s exposure to Defendants' Products caused severe and

3 permanent injury to Plaintiff FREDDIE BEAUCHAMP, JR. including, but not limited to,

4 mesothelioma. Plaintiff was diagnosed with mesothelioma on or about May 17, 2013.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS** Exhibit A, Page 000038

# EXHIBIT B



E-SERVICE
54124603
Sep 11 2013
03:08PM
File & ServeXpress

1   JENNIFER L. BARTLETT, CA Bar No. 183154
ROBERT A. GREEN, CA Bar No. 216116
2   STUART J. PURDY, CA Bar No. 239878
**SIMON GREENSTONE PANATIER BARTLETT**
3   301 Ocean Boulevard, Suite 1950
Long Beach, California 90802
4   Telephone: (562) 590-3400
Facsimile:  (562) 590-3412
5
Attorneys for Plaintiffs
6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10

11   Coordinated Proceeding           |   J.C.C.P. No. 4674
Special Title (Rule 3.550)
12                               Los Angeles County Superior Court
**LAOSD ASBESTOS CASES**     Case No.  BC 514293
13
                                  Hon. Emilie H. Elias
14   FREDDIE BEAUCHAMP, JR.,       Dept. 324

15             Plaintiffs,       **PLAINTIFF'S RESPONSES TO**
**GENERAL ORDER STANDARD**
16           vs.             **INTERROGATORIES PROPOUNDED**
**BY DEFENDANTS**
17   AMERICAN HONDA MOTOR COMPANY,
INC., *et al.*,                   Action Filed:  July 8, 2013
18                           Trial Date:
            Defendants.
19

20   PROPOUNDING PARTY: DEFENDANTS

21   RESPONDING PARTY:   PLAINTIFF FREDDIE BEAUCHAMP, JR.

22   SET:                 ONE

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF'S RESPONSES TO GENERAL ORDER STANDARD INTERROGATORIES-1

1  I.      BACKGROUND

2  INTERROGATORY NO. 1:

3          State your full name, present address, date and place of birth, social security number,

4  height and weight, and, if you have a driver's license, the state of issuance and the number of

5  that driver's license.

6  **RESPONSE TO INTERROGATORY NO. 1:**

7          **Name:**        **Freddie C. Beauchamp**

8          **Address:**     **108 Loma Linda Lane, Amarillo, TX 79118**

9          **Date/Place of Birth:**        **September 10, 1948 – Wynnewood, Oklahoma**

10         **Social Security No.:**        **WITHHELD PER LOCAL RULES**

11         **Drivers License State and Number: TX – 08763704**

12  INTERROGATORY NO 2:

13         State any other name or names by which you have been known, including nickname(s),

14  and the inclusive dates of use of that name or names.

15  **RESPONSE TO INTERROGATORY NO. 2:**

16         **Not applicable.**

17  INTERROGATORY NO 3:

18         State your former residence addresses for a period of 10 years prior to the date of these

19  interrogatories, giving the dates during which you lived at each address.

20  **RESPONSE TO INTERROGATORY NO. 3:**

21         **Plaintiff has resided at the same address since 1994.**

22  INTERROGATORY NO. 4:

23         If you are married, state the name of your spouse, his/her age and present address, and the

24  date and place of your marriage.

25  **RESPONSE TO INTERROGATORY NO. 4:**

26         **Plaintiff is not currently married.**

27

28

PLAINTIFF'S RESPONSES TO GENERAL ORDER STANDARD INTERROGATORIES-2

# EXHIBIT C

Page 239

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
2                     COUNTY OF LOS ANGELES
3
4    Coordinated Proceeding,      ) J.C.C.P. No. 4674
     Special Title (Rule 3.550)   )
5                                  )
     LAOSD ASBESTOS CASES          )
6                                  )
                                   ) Case No. BC 514293
7                                  )
     FREDDIE BEAUCHAMP, JR.,       )
8                                  )
                                   )
9                                  )
                                   )
10                  Plaintiff,     )
                                   )
11           vs.                   )
                                   )
12   AMERICAN HONDA MOTOR          )
     COMPANY, INC., et al.,        )
13                                 )
                    Defendants.    ) (Pages 239 - 535)
14   _____)
15
16                        VOLUME II
17              VIDEOTAPED DEPOSITION OF
                   FREDDIE BEAUCHAMP, JR.
18                  October 17, 2013
19
20
21
22
23
24
25   Reported by:  Trista Jamail, CSR No. 6329

Page 389

1    lawsuit, was conducted in Texas, correct?

2         A.    That would be fair to say.

3         Q.    Now, when you first began to have symptoms

4    and you went to a doctor to be diagnosed, that

5    doctor was in Texas, yes?

6         A.    Yes.

7         Q.    And the doctors who are treating you are

8    in Texas; is that correct?

9         A.    That's true.

10        Q.    All right.  Do you have -- do you plan to

11   remain in Texas?

12        A.    Yes --

13        Q.    Do you have any --

14        A.    What do you mean "remain in Texas"?

15   Forever?

16        Q.    Well, let me just withdraw the question.

17             We're good where we stand.  You've spent

18   the majority of your life in Texas.  Your treating

19   doctors are in Texas.

20        A.    My burial spot is in -- will be in

21   Oklahoma.

22        Q.    But until that time, you are going to

23   remain in Texas?

24        A.    Yes.

25        Q.    All right.  And that's fair enough.

```
                                                  Page 390
 1              You don't plan to travel to California?
 2              MR. GREEN:  He's got trial.
 3         Q.   (BY MR. FREEMAN)  Do you plan to go to
 4    testify at the trial of this case?
 5         A.   Possibly.
 6         Q.   Possibly.  Okay.  You don't plan to move
 7    to California, do you?
 8         A.   No.
 9         Q.   So you are a Texan?
10         A.   I'm a Texan.
11         Q.   Do you know the pledge of the Texas flag?
12         A.   No, I don't.
13         Q.   Okay.  I'll withdraw that question.
14         A.   Do you?
15         Q.   No.
16              Let me ask you -- let me ask you if you
17    recognize the name -- do you know the name,
18    ArvinMeritor?
19         A.   ArvinMeritor.  It rings a bell, but no.
20         Q.   Do you associate any products or services?
21         A.   Arvin Bell [sic]?  No.
22         Q.   Do you know of anybody who could refresh
23    your memory as to products or services from
24    ArvinMeritor?
25         A.   Oh, you said ArvinMeritor?
```

# EXHIBIT D

*Beauchamp*
*105-216*

1  ROBERT A. GREEN, CA Bar No. 216116
   STUART J. PURDY, CA Bar No. 239878
2  TYSON B. GAMBLE, CA Bar No. 266677
   **SIMON GREENSTONE PANATIER BARTLETT, P.C.**
3  301 Ocean Boulevard, Suite 1950
   Long Beach, California 90802
4  Telephone: (562) 590-3400
   Facsimile:  (562) 590-3412
5
   Attorneys for Plaintiff
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11 | Coordinated Proceeding          | J.C.C.P. No. 4674
   | Special Title (Rule 3.550)      |
12 |                                 | Los Angeles Superior Court
   | **LAOSD ASBESTOS CASES**        | No. BC 514293
13 |                                 |
   |                                 | Assigned for All Purposes to:
14 | FREDDIE BEAUCHAMP, JR.,         | Honorable Emilie H. Elias
   |                                 | Dept. 324
15 |              Plaintiffs,        |
   |          vs.                    | **PLAINTIFF FREDDIE BEAUCHAMP,**
16 |                                 | **JR.'S OFFER TO COMPROMISE**
   | AMERICAN HONDA MOTOR COMPANY,   | **PURSUANT TO CODE OF CIVIL**
17 | INC., et al.;                   | **PROCEDURE SECTION 998 TO**
   |                                 | **DEFENDANT FORD MOTOR COMPANY**
18 |              Defendants.        |
   |                                 |
19 |                                 | PI Action Filed:   July 8, 2013
   |                                 | Trial Date:        January 13, 2014
20

21

22 TO DEFENDANT FORD MOTOR COMPANY AND TO ITS ATTORNEYS OF RECORD:

      Plaintiff, FREDDIE BEAUCHAMP, JR.'s, offer pursuant to Code of Civil Procedure section
23
   998 to allow judgment to be taken against defendant FORD MOTOR COMPANY in the above-
24
   entitled action, and in favor of plaintiff, in accordance with the following terms and conditions: for
25
   payment to plaintiff of the total sum of $275,000.00 (Two Hundred Seventy Five Thousand Dollars),
26
   each party to bear its own costs.
27
      If FORD MOTOR COMPANY, wishes to accept this offer, counsel for FORD MOTOR
28
   COMPANY, as the accepting party, shall please sign the below proof of acceptance.  If this offer is

                                              1
   PLAINTIFF'S OFFER TO COMPROMISE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 998

1  not accepted prior to trial (commencement of opening statements) or within 30 days after the offer is
2  made, whichever occurs first, the offer shall be deemed withdrawn, and cannot be given in evidence
3  upon the trial. In the absence of a timely acceptance, it will be understood that FORD MOTOR
4  COMPANY has rejected this offer.
5
6  DATED:  January 21, 2014       **SIMON GREENSTONE PANATIER BARTLETT, P.C.**
7
8                                By: _____
9                                    TYSON B. GAMBLE
                                     Attorneys for Plaintiff
10
11  STATEMENT OF ACCEPTANCE: The written offer contained in this document is hereby accepted.
12
13  DATED: January __, 2014        YUKEVICH & CAVANAUGH
14
15                                By: _____
16                                    Steven D. Smelser
                                     Patricia E. Ball
17                                   Attorneys for Defendant
                                     FORD MOTOR COMPANY
18
19
20
21
22
23
24
25
26
27
28

2

PLAINTIFF'S OFFER TO COMPROMISE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 998

2014-JAN-21  02:14PM  FROM-SIMON GREENSTONE PANATIER BARTLETT PC  +  T-126  P-003/003  F-152

## PROOF OF SERVICE

STATE OF CALIFORNIA }

COUNTY OF LOS ANGELES }

I am employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California. I am employed in Los Angeles County, California.

On the date set forth below, I served the foregoing document(s) described as:

**PLAINTIFF FREDDIE BEAUCHAMP, JR.'S OFFER TO COMPROMISE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 998 TO DEFENDANT FORD MOTOR COMPANY**

On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

Steven D. Smelser
Patricia E. Ball
YUKEVICH & CAVANAUGH
355 South Grand Ave., 15th Floor
Los Angeles, CA 90071
Telephone: 213-362-7777
Facsimile: 213-362-7788

[XX] **BY FACSIMILE:** I caused a courtesy copy to be transmitted by facsimile to the facsimile number of the offices of the addressee(s) as indicated above and below (see service list).

[]     BY ELECTRONIC MAIL: I caused such document to be transmitted by electronic mail for the same day delivery to the offices of the addressee(s).

I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

Executed this 21st day of January, 2014 at Long Beach, California.

_Jenna Sanchez_
JENNA SANCHEZ

3
PLAINTIFF'S OFFER TO COMPROMISE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 998

# EXHIBIT E

1229876_1.TXT

1

```
1    CASE NAME:               Beauchamp vs. American
2                             Honda Motor Company
3    CASE NUMBER:             BC514293
4    SANTA MONICA, CALIFORNIA JANUARY 30, 2014
5    DEPARTMENT NO. I         HON. H. CHESTER HORN, JR.,
6                             JUDGE
7    REPORTER:                Laurie Miller, CSR #6457
8    APPEARANCES:             (AS HERETOFORE MENTIONED.)
9    TIME                     9:16 A.M.
10
11            (Proceedings reported; not transcribed.)
12
13            THE COURT:  We'll now hear the opening
14   arguments on behalf of Mr. Beauchamp.
15            MR. GREEN:  Thank you, your Honor.
16                        ,
17                    OPENING STATEMENT.
18
19            Mr. Green:  All right.  Good afternoon,
20   everybody.  I do speak.  Thank you all for being here.
21   THIS is all very important for myself, Mr. Purdy and to
22   Mr. Beauchamp whom you got to meet.
23            I have a PowerPoint, and I have to be honest
24   with you, my fourth grader was doing her California
25   mission statement at the same time, so if you get a
26   picture of father Serra, or broken pieces of pottery,
27   they are not culpable in this case.  It's a mistake.
28            This case is about asbestos.  Mr. Beauchamp's
```

Page 1

Exhibit E, Page 000047

1229876_1.TXT

22    defense counsel beginning tomorrow morning.

23          So we are in recess until 9:00 tomorrow

24    morning.  Please remember, don't do any research of any

25    kind about the case.  Don't discuss this case amongst

26    yourselves or anybody else.

27          Have a lovely evening.  See you tomorrow

28    morning at 9:00.

ROUGH DRAFT

18

1          (The jury exited the courtroom at 4:32 p.m.)

2

3          THE COURT:  Anything we need to take up?

4          MR. YUKEVICH:  I don't think so, your Honor.

5          MR. HUGO:  Yes, your Honor.

6          For Toyota motor sales USA, Inc., we move for a

7    nonsuit.

8          THE COURT:  You know what -- Mr. Green?

9          MR. GREEN:  We're opposing, but I have nothing

10    to add, your Honor.

11          THE COURT:  I'm sorry.  Say that again?

12          MR. GREEN:  We're opposing, but we have nothing

13    to add to our opening.

14          MR. RASMUSSEN:  I'm sorry.  I didn't hear you.

15          THE COURT:  He says he has nothing to add to

16    his opening.

17          I'm going to have to take it under submission.

18    I'm just going to have to do some research on it.  So I

19    will -- unfortunately, I have to bring you back tomorrow

20    morning.

Page 18

1229876_1.TXT

21        MR. HUGO:  See you then.

22        THE COURT:  Okay.  Thank you.

23        MR. GREEN:  Thank you, your Honor.

24        THE COURT:  Thank you.

25

26        (At 4:34 p.m. proceedings adjourned until

27         January 31, 2014, at 9:00 a.m.)

28

ROUGH DRAFT

Exhibit E, Page 000049

```
                              1229924_1.TXT
 1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                 FOR THE COUNTY OF LOS ANGELES

 3   DEPARTMENT I          HON. H. CHESTER HORN, JR., JUDGE

 4
     COORDINATED PROCEEDING          )JCCP CASE NO. 4674
 5   SPECIAL TITLE (RULE 3.550)      )LASC CASE NO. BC514293
                                     )
 6   LAOSD ASBESTOS CASES            )
     _____ )
 7   FREDDIE BEAUCHAMP, JR.,         )
                                     )
 8                    PLAINTIFF,     )
                                     )
 9            VS.                    )
                                     )
10   AMERICAN HONDA MOTOR COMPANY,   )
     INC. ET AL.,                    )
11                                   )
                      DEFENDANTS.    )
12   _____ )

13

14           REPORTER'S TRANSCRIPT OF PROCEEDINGS

15            JANUARY 31, 2014; A.M. SESSION

16

17   APPEARANCES:

18   FOR THE PLAINTIFF:     SIMON GREENSTONE PANATIER
                            BARTLETT
19                          BY: STUART PURDY, ESQ.
                              ROBERT A. GREEN, ESQ.
20                          301 EAST OCEAN BOULEVARD
                            SUITE 1950
21                          LONG BEACH, CALIFORNIA 90802
                            (562) 590-3400
22
     FOR DEFENDANT TOYOTA    BRYDON HUGO & PARKER
23   MOTOR SALES, U.S.A.,    BY: EDWARD HUGO, ESQ.
     INC.:                      SHAGHIG AGOPIAN, ESQ.
24                           135 MAIN STREET
                            20TH FLOOR
25                          SAN FRANCISCO, CALIFORNIA 94105
                            (415) 808-0300
26
             (FURTHER APPEARANCES ON THE NEXT PAGE.)
27
             VERONICA RODRIGUEZ, CSR #12215, RPR, CLR
28           OFFICIAL REPORTER PRO TEMPORE

 1           A P P E A R A N C E S (CONTINUED)

 2
     FOR DEFENDANT DANA     THE RASMUSSEN LAW FIRM
 3   COMPANIES, LLC:        BY: KURT L. RASMUSSEN, ESQ.
                              SHAWTINA L. FERGUSON, ESQ.
 4                          6033 WEST CENTURY BOULEVARD
                                    Page 1
```

```
                              1229924_1.TXT
                              SUITE 444
        5                     LOS ANGELES, CALIFORNIA 9004
                              (310) 641-1400
        6

        7   FOR DEFENDANT FORD           YUKEVICH & CAVANAUGH
            MOTOR COMPANY:          BY: JAMES J. YUKEVICH, ESQ.
        8                               JACQUELYN SUGAPONG, ESQ.
                                        PAUL C. WHITE II, ESQ.
        9                           355 SOUTH GRAND AVENUE
                                    15TH FLOOR
       10                           LOS ANGELES, CALIFORNIA 90071
                                    (213) 362-7777
       11

       12

       13

       14

       15

       16

       17

       18

       19

       20

       21

       22

       23

       24

       25

       26

       27

       28

        1               M A S T E R   I N D E X

        2               JANUARY 31, 2014

        3
            GREEN (G)
        4   PURDY (P)
            YUKEVICH (YU)
        5   RASMUSSEN (R)

        6

        7       CHRONOLOGICAL/ALPHABETICAL INDEX OF WITNESSES
```

Page 2

```
                              1229924_1.TXT
 8  PLAINTIFFS'
    WITNESS                    DIRECT  CROSS  REDIRECT  RECROSS
 9

10                            (NONE)

11

12

13

14

15

16                  E X H I B I T S

17                            MARKED    RECD'
    EXHIBIT                   FOR I.D.  IN EVD.
18

19                  (NONE OFFERED.)

20

21

22

23

24

25

26

27

28
```

♀

                                                    19

```
 1  CASE NAME:          BEAUCHAMP VS.

 2                      AMERICAN HONDA MOTOR COMPANY

 3                      INC., ET AL.

 4  CASE NUMBER:        CASE NO. BC514293

 5  LOS ANGELES, CA     JANUARY 31, 2014
```
                              Page 3

Exhibit E, Page 000053

```
                          1229924_1.TXT
  6  DEPARTMENT I            HON. H. CHESTER HORN, JR., JUDGE

  7  REPORTER:              VERONICA RODRIGUEZ,
                            CSR NO.  12215
  8
     TIME:                  9:03 A.M.
  9

 10      (THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT:)

 11

 12      THE COURT:  LET'S GO ON THE RECORD.

 13          GOOD MORNING, EVERYBODY.

 14          WE HAVE EVERYBODY PRESENT EXCEPT

 15  MR. BEAUCHAMP.  WE'RE GOING TO DISCUSS A LEGAL ISSUE

 16  INVOLVING TOYOTA'S MOTION.

 17          IS IT OKAY IF WE PROCEED, MR. GREEN, WITHOUT

 18  THE PRESENCE OF YOUR CLIENT?

 19      MR. GREEN:  YES, ABSOLUTELY.

 20      THE COURT:  MR. HUGO, YOU MADE A MOTION UNDER

 21  581(C).  WOULD YOU PLEASE SPECIFY THE SPECIFIC GROUNDS

 22  OF YOUR MOTION.

 23      MR. HUGO:  THE PLAINTIFF FAILED TO MENTION TOYOTA

 24  IN THEIR OPENING STATEMENT, AND PURSUANT TO 581(C) AND

 25  UNDER THE OPERATIVE CASE OF STURGEON, LIKE THE FISH, THE

 26  APPROPRIATE TIME TO BRING THE MOTION FOR NON-SUIT IS

 27  UPON THE COMPLETION OF THE PLAINTIFF'S OPENING

 28  STATEMENT.


                                         20

  1      THE COURT:  MR. GREEN, DO YOU WISH THE OPPORTUNITY

  2  TO EITHER ENLARGE OR REOPEN?

  3      MR. GREEN:  NO, YOUR HONOR.

  4      THE COURT:  DO YOU HAVE ANYTHING TO ADD BY WAY OF

  5  OPPOSITION TO THIS MOTION?

  6      MR. GREEN:  NO, YOUR HONOR.
                          Page 4
```

Exhibit E, Page 000054

1229924_1.TXT

7      THE COURT:  THE COURT GRANTS THE MOTION UNDER THE

8   PROVISIONS OF 581(C).  THE COURT IS GOING TO FIND THAT,

9   IN THE OPENING STATEMENT, THE PLAINTIFF FAILED TO STATE

10  HIS INTENT TO INTRODUCE ANY EVIDENCE THAT WOULD SUPPORT

11  ANY OF THE ESSENTIAL ELEMENTS OF THE CLAIMS THAT

12  PLAINTIFF HAS BROUGHT AGAINST TOYOTA MOTOR SALES U.S.A.,

13  INC.

14      MR. RASMUSSEN:  YOUR HONOR, I DO WANT TO SAY

15  SOMETHING.  WE HAVE CERTAIN RIGHTS AS NON-CALIFORNIA

16  RESIDENTS, DANA DOES.  AND I WAS ASKED TO WAIVE THOSE

17  RIGHTS SO TOYOTA COULD SETTLE THE CASE.  I CAN'T WAIVE

18  MY CLIENT'S CONSTITUTIONAL RIGHTS.

19          TOYOTA WAS AN ACTIVE PARTY TO THIS CASE.  THEY

20  WEREN'T MENTIONED IN OPENING, LIKE YOU SAID.  THERE WAS

21  NO SUPPLEMENT TO THAT.  BUT TO ME THAT'S AN AGREEMENT TO

22  RESOLVE SETTLEMENT.

23          AND, AS OFFICERS OF THE COURT, I THINK I NEED

24  TO PUT THAT ON THE RECORD BECAUSE, I THINK, ALL OF US

25  CAN'T DO ANYTHING TO DEPRIVE OUR CLIENTS OF

26  CONSTITUTIONAL RIGHTS.

27      THE COURT:  I'M NOT SURE WHAT RIGHTS YOU'RE TALKING

28  ABOUT, BUT I CERTAINLY WOULDN'T CHARACTERIZE WHAT JUST

21

1   HAPPENED AS A SETTLEMENT.  THERE'S ONE THING THAT'S

2   CLEAR TO ME --

3       MR. YUKEVICH:  JUDGE, I MAY BE ABLE TO ENLIGHTEN

4   YOU A LITTLE BIT.

5           THERE'S AN ISSUE AT THIS POINT AS TO WHETHER

Page 5

1229924_1.TXT

6  THERE'S DIVERSITY OF CITIZENSHIP AND IF THIS CASE CAN BE

7  REMOVED TO FEDERAL COURT.  AND THE ISSUE -- FRANKLY, I

8  WAS ASKED, AS WAS MR. RASMUSSEN, TO CONSIDER WHETHER OR

9  NOT, IF TOYOTA WAS ABLE TO RESOLVE THEIR CASE, WHETHER

10  OR NOT WE WOULD STIPULATE TO NOT REMOVING IT TO FEDERAL

11  COURT.

12      AND I WORKED ON THAT, AND, YOU KNOW, I'VE

13  SPOKEN TO MY CLIENTS ABOUT IT, AND I STILL DON'T HAVE AN

14  ANSWER FROM THEM AS TO WHAT THEY WANT TO DO.  BUT I

15  EXPECT THAT WILL COME SHORTLY, BECAUSE I SAID I CAN'T --

16  WE CAN'T DO ANYTHING UNTIL TOYOTA IS GONE.  SO THEY WERE

17  THE LAST CALIFORNIA DEFENDANT.  SO THERE IS DIVERSITY OF

18  CITIZENSHIP AT THIS POINT.

19      THE REASON THAT THERE'S AN ISSUE HERE AND THE

20  REASON THAT THINGS HAVE HAPPENED THE WAY THAT THEY'VE

21  HAPPENED, IN MY VIEW, IS THAT, YOU KNOW, THERE'S AN

22  ISSUE AS TO WHETHER THERE'S A VOLUNTARILY OR INVOLUNTARY

23  DISMISSAL OF TOYOTA ON BEHALF OF THE PLAINTIFFS.

24      IF IT IS, IN FACT, INVOLUNTARY, THEN THE

25  RIGHTS OF THE DEFENDANTS TO REMOVE TO FEDERAL COURT

26  IS -- WE DON'T HAVE THAT RIGHT.  SO THERE'S A REAL

27  QUESTION HERE AS TO WHAT CONSTITUTES VOLUNTARY, AND

28  THAT'S THE REASON WHY MR. RASMUSSEN INDICATED TO THE

22

1  COURT THAT WE COULDN'T REALLY WAIVE THAT RIGHT.  BUT WE

2  NEED JUST A LITTLE -- JUST A VERY SHORT PERIOD OF TIME

3  TO CONSIDER AND GET DIRECTION FROM OUR CLIENTS AS TO

4  WHAT THEY WANT US TO DO.

5      AND WITH RESPECT TO THIS ISSUE, YOU KNOW, AND

Page 6

1229924_1.TXT

6    WITHOUT -- EVERY -- I THINK LAWYERS HAVE THE RIGHT TO DO

7    THE THINGS THAT THEY THINK ARE IN THE BEST INTEREST OF

8    THEIR CLIENTS, AND I'M NOT BEING CRITICAL OF ANYBODY IN

9    THIS ROOM AS TO WHAT ANYBODY DID OR DIDN'T DO, BUT I DO

10   THINK THAT THERE IS PLENTY OF INDICATORS THAT YOU CAN'T

11   CREATE SOMETHING INVOLUNTARY VOLUNTARILY.

12          AND WHAT HAS HAPPENED HERE IS THAT THE

13   PLAINTIFFS WITHOUT -- WANTED TO SETTLE WITH TOYOTA.

14   TOYOTA WANTED TO SETTLE.  THAT'S OKAY.  IT'S NOT

15   UNUSUAL, BUT AT THE SAME TIME, THEY WANTED TO PRESERVE

16   THEIR RIGHTS TO STAY HERE IN THE STATE COURT AND NOT

17   RISK BEING REMOVED TO FEDERAL COURT.  SO THEY

18   VOLUNTARILY DID NOT PLACE THEM INTO THEIR OPENING

19   STATEMENT, EVEN THOUGH TOYOTA MOVED FOR SUMMARY

20   JUDGEMENT PREVIOUSLY.  THAT SUMMARY JUDGEMENT MOTION WAS

21   DENIED.

22          SO WE KNOW THAT, YOU KNOW, THE PLAINTIFFS HAD

23   AT LEAST A CASE IN CHIEF THAT THEY COULD HAVE GONE

24   FORWARD WITH TOYOTA.  THEY HAD THEM IN THEIR OPENING

25   STATEMENT, IN TERMS OF A PICTURE OF THE TOYOTA EMBLEM,

26   AND THEY TALKED ABOUT TOYOTA DURING THE COURSE OF THE

27   CASE, AND TOYOTA WAS CERTAINLY A DEFENDANT THEY COULD

28   HAVE PROCEEDED AGAINST.

                                                    23

1    SO TO KIND OF -- I DON'T WANT TO CALL IT A

2    SHAM, BUT IT'S REALLY KIND OF WHAT IT IS.  TO OMIT

3    TOYOTA FROM THEIR OPENING STATEMENT WITH AN AGREEMENT,

4    OBVIOUSLY, I THINK, I MEAN, I WASN'T THERE, BUT I THINK

                        Page 7

1229924_1.TXT

5   IT'S PRETTY CLEAR THAT THE AGREEMENT WAS:  WE DON'T

6   MENTION YOU IN OPENING STATEMENT, THEN YOU MOVE FOR A

7   NON-SUIT, THEN WE GET OUT.  WE CALL IT INVOLUNTARY.  WE

8   DEFEAT DIVERSITY, AND THEN WE GET PAID.  I THINK THAT'S

9   NOT EXACTLY THE WAY THE FEDERAL COURTS HAVE INTERPRETED

10  THE ISSUE OF VOLUNTARY VERSUS INVOLUNTARY.  NOT THAT

11  THAT'S YOUR PROBLEM.

12       THE COURT:  I DON'T HAVE TO DECIDE THAT QUESTION.

13       MR. YUKEVICH:  IF YOU WOULD LIKE, 'CAUSE I THINK

14  IT'S ALWAYS GOOD, YOU KNOW, FOR EVERYBODY TO SORT OF

15  STAY IN THE LOOP AS TO WHAT'S ACTUALLY TRANSPIRING,

16  THAT'S MY INTERPRETATION OF IT.  THERE MAY BE A LOT OF

17  DISAGREEMENT WITH THAT.

18       SO WHAT WE NEED TO DO, I THINK, IS WE NEED TO

19  HAVE A COUPLE OF MINUTES NOW THAT TOYOTA HAS BEEN

20  DISMISSED OR THE NON-SUIT MOTION HAS BEEN GRANTED.  WE

21  NEED A LITTLE TIME TO CONFER WITH OUR CLIENTS, BECAUSE,

22  IF THAT MOTION HAD BEEN DENIED FOR WHATEVER REASON AND

23  WE KNOW IT'S SIGNIFICANT AND IT'S ON THE RECORD THAT,

24  YOU KNOW, THE PLAINTIFFS CHOSE IN THE FACE OF THAT

25  MOTION TO NOT REOPEN THEIR OPENING STATEMENT, WHICH THEY

26  HAD A COMPLETE RIGHT TO DO.  SO, YOU KNOW, THAT'S AN

27  INDICATOR ALSO WITH RESPECT TO THE ISSUE OF VOLUNTARY

28  VERSUS INVOLUNTARY.

♀

24

1        I DON'T KNOW, HONESTLY, RIGHT NOW.  I'M GOING

2   TO GO BACK AND TALK TO MY -- ONE OF MY CO-COUNSEL AND

3   I'M GOING TO TALK TO MY CLIENT FOR A COUPLE OF MINUTES.

4   I NEED TO GET SOME GUIDANCE FROM THEM; AND I THINK

Page 8

Exhibit E, Page 000058

1229924_1.TXT

5    MR. RASMUSSEN HAS TO DO THE SAME THING.  I DON'T WANT TO

6    HOLD UP THE PROCEEDINGS.

7         I'M READY TO START WITH MY OPENING STATEMENT,

8    BUT I WOULD LIKE A LITTLE WHILE JUST TO MAKE SURE THAT

9    WE HAVE PROCEDURALLY, WE KNOW WHERE WE ARE, 'CAUSE THE

10   WORSE THING WE CAN DO, WE DON'T -- IF WE'RE REALLY GOING

11   TO REMOVE, THEN I NEED TO TELL YOU THAT AND WE -- YOU

12   CAN MAKE WHATEVER -- DO WHATEVER YOU WISH TO DO IN TERMS

13   OF THE WAY YOU RUN YOUR COURTROOM WITH THE JURY.

14        I DON'T WANT TO PLAY AROUND.  YOU HAVE X

15   NUMBER OF DAYS.  THERE'S NO INTEREST ON THE PART OF

16   FORD, I DON'T THINK, OR DANA IN TERMS OF DOING ANY OF

17   THAT; SO UP-FRONT, OPEN AND DIRECT IS PROBABLY THE BEST

18   WAY TO BE.

19        THE COURT:  I AGREE.  WHY DON'T YOU TAKE A FEW

20   MINUTES.  BUT BEFORE YOU DO, I NEED TO ASK MR.

21   RASMUSSEN -- ACTUALLY, ALL OF YOU A QUESTION.

22        AS I COUNT THE TIME, TODAY IS THE 31ST OF

23   JANUARY.  COUNTING TODAY GOING AND THROUGH FEBRUARY

24   14TH, THERE ARE 10 DAYS OF TRIAL TIME.  ASSUMING THAT

25   WE'RE STILL IN TRIAL WITH THE TWO DEFENDANTS THAT ARE

26   PRESENT, DO WE THINK THE CASE WILL CONSUME 10 DAYS?

27        MR. RASMUSSEN:  YES, AND THEN WE HAVE WITNESS

28   PROBLEMS.

25

1         THE COURT:  RIGHT.  THAT'S WHY I WANTED TO MAKE

2    SURE.  WE'RE NOW DOWN TO TWO DEFENDANTS AS OPPOSED TO

3    EIGHT THAT WE STARTED WITH.  I ASSUME THERE'S GOING TO

Page 9

Exhibit E, Page 000059

1229924_1.TXT

4  BE FEWER WITNESSES.  IS THAT A BAD ASSUMPTION?

5      MR. YUKEVICH:  THAT'S A DEFINITE.  THERE'S GOING TO

6  BE LESS WITNESSES.  THERE'S LESS PARTIES, THERE'S LESS

7  PEOPLE TO OPEN; LESS PEOPLE TO CLOSE; LESS PEOPLE TO DO

8  EVERYTHING.

9      THE COURT:  RIGHT.  EXACTLY.

10      MR. GREEN:  IT DOESN'T CHANGE THE PLAINTIFF'S CASE.

11  I THINK WE WILL REST BY THE 7TH, BY NEXT FRIDAY.

12      THE COURT:  SO THE QUESTION IS BETWEEN FORD AND

13  DANA, DO YOU THINK YOU HAVE FOUR DAYS OF CASE?  IT'S

14  HARD TO BELIEVE THAT YOU DON'T BUT --

15      MR. YUKEVICH:  YEAH, I THINK WE HAVE A COUPLE DAYS

16  EACH.  WE'RE GOING TO TRY -- AS ALWAYS WE TRY TO --

17      THE COURT:  IF IT'S ONLY A DAY, I'M NOT GOING TO

18  WORRY ABOUT IT.  WE TOLD THE JURY THE 19TH.  I JUST

19  WANTED TO --

20      MR. RASMUSSEN:  YOUR HONOR, IF I MAY, ON BEHALF OF

21  DANA CAN WE ASK WHAT THE AGREEMENT IS BETWEEN TOYOTA AND

22  THE PLAINTIFFS SO WE CAN HAVE THAT BEFORE I GO AND TALK

23  TO MY CLIENTS?

24      THE COURT:  I CAN'T ASK THEM WHAT THE AGREEMENT IS.

25  THAT'S NOT A MATTER FOR THE COURT TO GET ITSELF INVOLVED

26  IN.  THE COURT HAS GRANTED THE MOTION.

27      SPEAKING OF GRANTING THE MOTION, MR. HUGO, THE

28  COURT IS GOING TO ORDER TOYOTA TO PREPARE AN APPROPRIATE

ᶠ

26

1  ORDER REFLECTING THE GRANTING OF THE MOTION AND THE

2  APPROPRIATE JUDGMENT WILL BE ENTERED IN ACCORDANCE WITH

3  THE CALIFORNIA CODE OF CIVIL PROCEDURE AND THE RULES OF

Page 10

1229924_1.TXT

4    COURT.

5         MR. HUGO:  YES, YOUR HONOR.  WE PLAN TO DO THAT.

6    THANK YOU.

7         THE COURT:  ALL RIGHT.  GO AHEAD AND TAKE A FEW

8    MINUTES TO DO WHAT YOU NEED TO DO.

9         MR. YUKEVICH:  THANKS, JUDGE.

10        MR. RASMUSSEN:  THANK YOU, YOUR HONOR.

11

12            (A SHORT BREAK WAS TAKEN.)

13

14        THE COURT:  ALL RIGHT.

15        MR. YUKEVICH:  YOUR HONOR, I'LL JUST SORT OF FILL

16   YOU IN ON WHAT THE STATUS OF THINGS ARE, AT LEAST FROM

17   THE POINT OF VIEW OF THE DEFENSE AT THIS MOMENT.

18            WE, YOU KNOW, AS YOU KNOW, OUR CLIENTS ARE NOT

19   LOCATED RIGHT HERE, AND SO WE'RE ON THE PHONE.  I HAVE

20   ONE OF MY CO-COUNSEL THAT'S OUTSIDE TRYING TO SEE WHAT

21   IT IS THAT WE'RE GOING TO BE DIRECTED TO DO.  AND I

22   WASN'T A PART OF MR. RASMUSSEN'S PHONE CALL WITH HIS

23   CLIENT.  HE CAN TELL YOU ABOUT THAT ONCE I'M DONE.

24            HERE REALLY IS THE SITUATION:  WE HAVE THE

25   PAPERS PREPARED TO FILE THE PETITION FOR REMOVAL AT THIS

26   POINT, BUT WE CAN'T DO THAT UNTIL I'M TOLD BY THE CLIENT

27   THEY'VE MADE THAT DECISION.

28            IF THAT DECISION IS MADE, THEN MY

                                                  27

1    UNDERSTANDING IS THAT THERE'S BASICALLY AN AUTOMATIC

2    STAY WHILE THE FEDERAL COURT MAKES A DECISION AS TO

                    Page 11

1229924_1.TXT

3   WHETHER OR NOT THEY'RE GOING TO TAKE THE CASE OR REMAND

4   IT BACK HERE.  SO IT PUTS US ALL IN A BIT OF A DIFFICULT

5   SITUATION.  AND, YOU KNOW, PLAINTIFFS, DEFENSE, THE

6   COURT, EVERYBODY AND SO I APOLOGIZE RIGHT OFF THE BAT

7   FOR THAT BEING THE CASE.  BUT I DON'T THINK -- WE DON'T

8   FEEL THAT WE'RE, YOU KNOW, RESPONSIBLE FOR BEING PUT IN

9   THIS SITUATION.  IT JUST HAPPENED.

10        SO MY SUGGESTION IS THAT -- THERE ARE A COUPLE

11   OF OPTIONS.  FIRST, YOU KNOW, WE HAVE RADICALLY

12   SHORTENED THE DEFENSE CASE IN THIS MATTER, YOU KNOW.

13   IT'S NOT GOING TO BE ANYWHERE NEAR AS LONG AS IT WOULD

14   HAVE BEEN.  I KNOW THE PLAINTIFFS WANT TO GO FORWARD,

15   THEY HAVE THEIR CLIENT HERE, ALL THOSE KINDS OF THINGS.

16        SO WE HAVE REALLY A COUPLE OF OPTIONS.  I'M

17   WAITING TO SEE WHAT, IF ANYTHING, I'M GOING TO BE TOLD.

18   IF THE DECISION IS RIGHT NOW TO FILE THE PETITION, THEN

19   IT DOESN'T MAKE MUCH SENSE TO CONTINUE.  WE CAN, BUT IT

20   DOESN'T MAKE THAT MUCH SENSE.

21        THE OTHER OPTION THAT WE DO HAVE, BECAUSE OF

22   THINGS IS IT'S A FRIDAY, YOU KNOW, IF THE JURY WAS TO BE

23   TOLD TO BE BACK HERE ON MONDAY MORNING OR TO BE ON

24   TELEPHONE ALERT, THEN WE WOULDN'T WASTE THEIR TIME

25   SITTING HERE AND WE WOULD BE ABLE TO EITHER GO FORWARD

26   AND COMPLETE THE CASE OR TELL THEM THAT, YOU KNOW, THE

27   CASE WAS RESOLVED, HOWEVER THE COURT WOULD WANT TO PUT

28   IT.  THAT THE CASE WAS OVER FOR THEM.

28

1        AND SO I'M SORRY THAT I DON'T HAVE A MORE

2   DEFINITIVE WORD FOR YOU.  I APOLOGIZE.  IT'S NOT MY

Page 12

1229924_1.TXT

3   DOING AND I CAN'T MAKE THE CALL MYSELF.  SO THOSE ARE

4   THE OPTIONS, AS I SEE THEM.  I DON'T KNOW HOW

5   MR. RASMUSSEN FEELS, THE PLAINTIFFS FEEL.

6       MR. RASMUSSEN:  NOTHING FURTHER.

7       MR. GREEN:  WE'RE ALL HERE.  DEFENDANTS HAD THEIR

8   OPENINGS READY.  WE HAVE A JURY HERE.  WE'VE BURNED

9   ALREADY 75 JURORS.  THE CLIENT IS HERE.  LET'S OPEN.

10  LET'S GO.  DELAYING THIS TILL MONDAY, IT'S GOING TO MAKE

11  A LOT OF PROBLEMS FOR LIVE WITNESSES TO COME, AND IT'S

12  GOING TO DELAY THE TRIAL.

13      THE COURT:  I UNDERSTAND THAT.

14      MR. RASMUSSEN, HAVE YOU RECEIVED INSTRUCTION

15  FROM YOUR CLIENT?

16      MR. RASMUSSEN:  NOT YET, YOUR HONOR.  I'M WAITING.

17      THE COURT:  YOU HAVE SOMEBODY MAKING THOSE PHONE

18  CALLS FOR YOU?

19      MR. RASMUSSEN:  I CALLED ONE PERSON.  I HAVE TO

20  CALL ANOTHER PERSON.  BUT WE CAME BACK IN HERE JUST

21  BECAUSE WE FIGURED WE WERE OUT THERE FOR 15 MINUTES, SO

22  WE WANTED TO MAKE SURE THE COURT --

23      THE COURT:  MAKING THE JURY WAIT A HALF AN HOUR.

24      OKAY.  ALL RIGHT.  DID TOYOTA LEAVE?

25  MR. GREEN:  YES.

26  MR. YUKEVICH:  LAST WORD, YOU GOT IT.

27      THE COURT:  MR. GREEN, I HAVE TO ASK YOU A

28  QUESTION.  DO THE PLAINTIFFS HAVE ANY KIND OF

29

1   UNDERSTANDING WITH TOYOTA MOTOR SALES U.S.A. RELATING TO

Page 13

Exhibit E, Page 000063

1229924_1.TXT

2  THE OPENING STATEMENT THAT YOU GAVE YESTERDAY?

3      MR. GREEN:  WITHOUT TOYOTA BEING HERE, I'M NOT

4  REALLY COMFORTABLE TALKING ABOUT THAT WITH YOUR HONOR.

5  I PREFER TO HAVE THEM HERE TO SEE IF THEY'LL LET ME TALK

6  ABOUT WHAT WE DISCUSSED IN THE JURY ROOM.  YOU SAW US IN

7  THERE AND TALK ABOUT IT, IF THAT'S ALL RIGHT WITH YOUR

8  HONOR.

9      THE COURT:  DO WE HAVE MR. HUGO'S CELL PHONE

10  NUMBER?

11      THE CLERK:  I HAVE TO CHECK.

12      THE COURT:  CALL HIM.

13      MR. YUKEVICH:  PROBABLY GOING 110 MILES AN HOUR ON

14  THE 10 FREEWAY, THE OPPOSITE DIRECTION OF THE

15  COURTHOUSE.

16      THE CLERK:  I HAVE THE SAN FRANCISCO NUMBER, YOUR

17  HONOR.

18      THE COURT:  FOR MS. AGOPIAN AS WELL?

19      THE CLERK:  YES.

20      THE COURT:  DOES IT SAY CELL?

21      THE CLERK:  NO.

22      THE COURT:  IT DOESN'T SAY THAT.

23      OKAY.  ALL RIGHT.  WELL, HERE IS WHAT I'M

24  INCLINED TO DO.  I'M INCLINED TO PROCEED TODAY AND USE

25  THE JURY'S TIME.  I DON'T KNOW WHAT THE DECISION WILL

26  BE.  I DON'T WANT TO WASTE THE TIME IN THE EVENT YOUR

27  CLIENTS DECIDE NOT TO INSTRUCT YOU TO FILE THE REMOVAL

28  PETITION.  I AGREE WITH YOU, IF WE RECEIVE NOTICE THAT A

30

1  REMOVAL PETITION HAS BEEN FILED, THAT RESULTS IN AN
Page 14

1229924_1.TXT

2  AUTOMATIC STAY OF THIS CASE UNTIL THE REMOVAL PETITION

3  IS RESOLVED.  I HAVE NO IDEA HOW LONG IT WILL TAKE TO

4  RESOLVE GIVEN THE UNUSUAL CIRCUMSTANCES OF THIS CASE.

5          EVEN THE NOTICE OF MOTION JUST BY ITSELF,

6  ASSUMING THE COURT DOESN'T SHORTEN TIME, IT CAN BE A

7  LONG PERIOD OF TIME.  IF THE COURT SHORTENS TIME, IT

8  MIGHT BE LESS, BUT I DON'T KNOW WHAT WOULD HAVE TO

9  HAPPEN IN ADVANCE OF THAT TO RESOLVE THE SPECIFIC ISSUES

10  THAT THIS SITUATION RAISES.   SO --

11      MR. YUKEVICH:  YOUR HONOR, THE ONLY -- AND THAT'S

12  FINE.  I UNDERSTAND THE COURT'S RULING.  I JUST -- I DO

13  NEED JUST TWO MORE MINUTES TO SEE IF ANYTHING HAS

14  CHANGED AND THEN WE'RE READY TO OPEN.

15      THE COURT:  GO AHEAD.  OKAY.

16

17          (COUNSEL EXIT COURTROOM.)

18

19      MR. YUKEVICH:  YOUR HONOR, THE BEST INFORMATION I

20  CAN GIVE YOU IS MY UNDERSTANDING IS THAT FORD IS

21  INCLINED TO FILE A PETITION FOR REMOVAL.  AND THEY'RE

22  STILL IN THE PROCESS OF DOING A LITTLE BIT OF RESEARCH

23  WITH RESPECT TO SOME OF THE ISSUES THAT HAVE TO DO WITH

24  THAT, BUT ALL THAT BEING SAID, I'M READY TO OPEN.

25      THE COURT:  OKAY.  MR. RASMUSSEN?

26      MR. RASMUSSEN:  SAME, YOUR HONOR.

27      THE COURT:  SO YOUR CLIENT IS ALSO INCLINED TO

28  FILE?

31

Page 15

Exhibit E, Page 000065

1229924_1.TXT

1      MR. RASMUSSEN:  I HAVEN'T ACTUALLY GOTTEN THAT FAR,

2  YOUR HONOR.  SORRY IF I WASN'T CLEAR.

3      THE COURT:  ALL RIGHT.  THEN I THINK WE NEED TO --

4  I ASSUME THE DECISION IS GOING TO BE MADE TIMELY?

5      MR. YUKEVICH:  YES, YOUR HONOR.  I MEAN, THE ONLY

6  THING I CAN SAY ABOUT THAT ASSUMPTION IS THAT, IF I HAVE

7  ANYTHING TO DO WITH IT, IT WILL BE MADE TIMELY.  BUT I

8  CAN'T -- I WANT TO GIVE THIS COURT AND THIS JURY THE

9  RESPECT THEY'RE ENTITLED TO, AND THERE'S NO REASON TO

10  STRING THIS OUT; EITHER IT'S A YES OR NO.  AND I THINK

11  WE'LL KNOW THAT NO LATER THAN FIRST THING MONDAY

12  MORNING.

13      THE COURT:  ALL RIGHT.  ARE WE READY FOR THE JURY?

14      MR. PURDY:  YES, YOUR HONOR.

15

16          (JURORS ENTER COURTROOM.)

17

18          (THE FOLLOWING PROCEEDINGS WERE HELD IN

19          OPEN COURT IN THE PRESENCE OF THE JURY:)

20

21      THE COURT:  ALL RIGHT.

22      THE WITNESS:  GOOD MORNING, YOUR HONOR.

23      THE COURT:  GOOD MORNING, MR. BEAUCHAMP.

24          WE HAD OTHER THINGS TO DO IT TURNS OUT.

25          WHILE WE'RE WAITING FOR MISS JAIME TO ROUND UP

26  JUROR NUMBER 12 --

27

28          (OFF THE RECORD DISCUSSION.)

32

Page 16

Exhibit E, Page 000066

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On February 3, 2014, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY); DECLARATION OF PAUL C. WHITE II** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Yukevich | Cavanaugh's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 3, 2014, at Los Angeles, California.

_____
Karen D Thompson

1229912.1 / 105-216

1
2

## SERVICE LIST
## BEAUCHAMP v. AMERICAN HONDA MOTOR COMPANY, INC., et al.

3

4

Jennifer L. Bartlett, Esq.                    Attorneys for Plaintiff
Robert A. Green, Esq.
Stuart J. Purdy, Esq.                         T:      (562) 590-3400
Tyson B. Gamble, Esq.                         F:      (562) 590-3412
SIMON GREENSTONE PANATIER
BARTLETT, PC
301 E. Ocean Blvd., Suite 1950
Long Beach. CA  90802

5

6

7

8

Kurt Rasmussen                                Attorneys for Defendants DANA
Shawtina Ferguson                             COMPANIES LLC, KELSEY HAYES
THE RASMUSSEN LAW FIRM L.L.P.                 CO. and UNION CARBIDE CORP.
6033 West century Blvd.
Suite 444                                     T:      (213) 688-1000
Los Angeles, CA  90045                        F:      (213) 243-6330

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH CALFO & CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1229912.1 / 105-216

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Mariana R. Pfaelzer _____ and the assigned Magistrate Judge is _____ Michael R. Wilner _____ .

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-00827 MRP-MRWx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination.

Clerk, U. S. District Court

_____ February 3, 2014 _____
Date

By  SBOURGEOIS _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Freddie Beauchaump, Jr. | Ford Motor Company |

| (b) County of Residence of First Listed Plaintiff  Texas | County of Residence of First Listed Defendant  Delaware |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Robert Green, Esq.; SIMON GREENSTONE, et al., 301 E. Ocean Blvd., Suite 1950, Long Beach, CA 90802; (562) 590-3400 | James J. Yukevich, Esq.; Paul C. White II; Jacquelyn J. Sugapong; Yukevich Cavanaugh, 355 S. Grand Ave., 15th, Los Angeles, CA 90071; (213) 362-7777 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding    ☒ 2. Removed from State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Reinstated or Reopened    ☐ 5. Transferred from Another District (Specify)    ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1441(b) (Diversity)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes   [ ] No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [X] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action?<br><br>[ ] Yes   [X] No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

**C.1.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b).  RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☐ NO   ☒ YES

If yes, list case number(s):   Olds v. 3M Comp #2:12-CV-08539-R-MRw; Penegar v. 3M Comp #CV13-3709-ABC(MRx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X.  SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: February 3, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South

4 Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

5        On February 3, 2014, I served true copies of the following document(s) described as **CIVIL CASE COVER SHEET** on the interested parties in this action as follows:

6

### SEE ATTACHED SERVICE LIST

7

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons

8 at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Yukevich | Cavanaugh's

9 practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of

10 business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

11        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

        Executed on February 3, 2014, at Los Angeles, California.

13

14

15                                     Karen D. Thompson

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

**SERVICE LIST**
**BEAUCHAMP v. AMERICAN HONDA MOTOR COMPANY, INC., et al.**

| | |
|---|---|
| Jennifer L. Bartlett, Esq. | Attorneys for Plaintiff |
| Robert A. Green, Esq. | |
| Stuart J. Purdy, Esq. | T:     (562) 590-3400 |
| Tyson B. Gamble, Esq. | F:     (562) 590-3412 |
| SIMON GREENSTONE PANATIER | |
| BARTLETT, PC | |
| 301 E. Ocean Blvd., Suite 1950 | |
| Long Beach, CA 90802 | |

| | |
|---|---|
| Kurt Rasmussen | Attorneys for Defendants DANA |
| Shawtina Ferguson | COMPANIES LLC, KELSEY HAYES CO. |
| THE RASMUSSEN LAW FIRM L.L.P. | and UNION CARBIDE CORP. |
| 6033 West century Blvd. | |
| Suite 444 | T:     (213) 688-1000 |
| Los Angeles, CA 90045 | F:     (213) 243-6330 |

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788